IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH COFFIN, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-0214 |
| | § | |
| BLESSEY MARINE SERVICES, INC., | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Defendant's Expedited Motion to Continue Submission Date on Plaintiffs' Motion to Conditionally Certify [Doc. # 15] ("Motion to Continue"), to which Plaintiffs have responded [Doc. # 17] and Defendant has replied [Doc. # 18].  Having reviews the record as a whole and applicable legal authorities, the Court **denies** Defendant's Motion to Continue.

***Factual Background.***– This is a collective action suit seeking unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Plaintiffs were employed as "Tankermen" for Defendant Blessey Marine Services, Inc. ("BMSI" or "Defendant"), which operates towboats that transport barges filled with liquid cargo throughout the navigable inland waterways of the United States.

Plaintiffs allege that BMSI misclassified Plaintiffs and their fellow Tankermen as exempt under the FLSA's "seamen" exemption, 29 U.S.C. § 213(b)(6).  As a result,

Plaintiffs allege that Defendants deprived them all of the overtime pay they are entitled to under the FLSA.  Plaintiffs seek to represent a class under 29 U.S.C. § 216(b) on behalf of "all current and former Tankermen who were employed by BMSI during the three-year period preceding the filing of this complaint."[1]

On February 14, 2011, Plaintiffs filed an Expedited Motion to Conditionally Certify a Collective Action and to Issue Notice [Doc. # 8] ("Motion to Certify").  On March 2, 2011, Defendant filed an Expedited Motion to Continue Submission Date on Plaintiffs' Motion to Conditionally Certify [Doc. # 15] ("Motion to Continue"), requesting the Court continue the submission date on Plaintiffs' Motion to Certify until September 7, 2011, in order to conduct some discovery on Plaintiffs' claims before the Court rules on Plaintiffs' Motion to Certify.  Defendant's Motion to Continue has been fully briefed and is now ripe for decision.

***Legal Principles.*** – Whether to continue the submission date of Plaintiffs' Motion to Certify is within the discretion of the district court.  *See, e.g.*, *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 164, 170 (1989) ("Section 216(b)'s affirmative permission for employees to proceed on behalf of those similarly situated must grant the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory

---

[1]        Plaintiff's Complaint [Doc. # 1], ¶ 52.

commands or the provisions of the Federal Rules of Civil Procedure."); *id.* at 171 ("[B]ecause of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and the parties." (internal quotation marks omitted)); *see also Johnson v. Potter*, 364 F. App'x 159, 161-62 (5th Cir. 2010) (reviewing district court's denial of motion to continue trial for abuse of discretion and noting that district court's discretion is "'exceedingly wide'" (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1193 (5th Cir. 1986) ("When the question for the trial court is a scheduling decision . . . the judgment range is exceedingly wide."))).

Section 16(b) of the FLSA provides that a person may maintain an action on "behalf of himself . . . and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b).  A representative action brought pursuant to this provision follows an "opt-in" rather than an "opt-out" procedure.  *See Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 90-91 (2003)).[2]

---

[2]     Although *Mooney* was litigated under the ADEA, it applies here because the ADEA explicitly incorporates § 16(b) of the FLSA.  *See Mooney*, 54 F.3d at 1212.

The Fifth Circuit has not definitively decided the meaning of "similarly situated" in this context.  However, in *Mooney*, the Fifth Circuit reviewed two methodologies courts have used in deciding this question.  This Court has previously adopted the prevailing procedure enunciated in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987).  *See Foraker v. Highpoint Sw., Servs., L.P.*, No. H-06-1856, 2006 WL 2585047 (S.D. Tex. Sept. 7 2006) (Atlas, J.).  Under this process, "the trial court approaches the 'similarly situated' inquiry via a two-step analysis." *Mooney*, 54 F.3d at 1213.[3]

The Court at the "notice stage" of an FLSA collective action determines—"usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members."

---

[3]     The second methodology is typified by *Shushan v. Univ. of Colo.*, 132 F.R.D. 263 (D. Colo. 1990).  This approach adopts the view that the "similarly situated" inquiry is coextensive with Rule 23 class certification.  Therefore, using this methodology, the courts look at numerosity, commonality, typicality, and adequacy of representation to determine whether a class should be certified. *Mooney*, 54 F.3d at 1214.  The Fifth Circuit in *Mooney* found it unnecessary to decide which of the two methods was appropriate.  However, in *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286 (5th Cir. 1975), the Fifth Circuit found a "fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA § 16(b)" because Rule 23 provides for "opt-out" class actions and § 16(b) provides for "opt-in" class actions. *Id.* at 288.  The Court of Appeals stated that "it is crystal clear that § 16(b) precludes pure Rule 23 class actions in FLSA suits." *Id.* The two-step *Lusardi* process has the advantage of informing the original parties and the court of the number and identity of persons desiring to participate in the suit.  With that information, the parties may ascertain the facts relevant to viability of a collective action and the court may decide pertinent issues.

*Id.* at 1213–14.  "Because the court has minimal evidence, this determination is usually made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class."  *Id.* at 1214.  However, even this lenient standard apparently requires "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan. . . ."  *Id.* at 1214 n.8 (citation omitted).  A factual basis for the allegations is therefore needed to satisfy this first step.  *Aguirre v. SBC Communications, Inc.* 2006 WL 964554, at *5 (S.D. Tex. Apr. 11, 2006) (citing *Haynes v. Singer Co., Inc.*, 696 F.2d 884, 887 (11th Cir. 1983)).  Courts may emphasize the need for "some identifiable facts or legal nexus [that] bind the claims so that hearing the cases together promotes judicial efficiency."  *Id.*  (citing *Barron v. Henry County Sch. Sys.*, 242 F. Supp. 2d 1096, 1103 (M.D. Ala. 2003)). "'A court may deny plaintiffs' right to proceed collectively if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice.'" *Id.* (citing *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 507 (M.D. La. 2005); *Barron*, 242 F. Supp. 2d at 1104).  If a court conditionally certifies a class, the action proceeds as a collective action during discovery, and "potential class members are given notice and the opportunity to 'opt-in.'"  *Mooney*, 54 F.3d at 1214.

The second stage is typically precipitated by a motion for "decertification" by the defendant after discovery is largely complete. *Id.* If the additional claimants are similarly situated, the district court allows the representative action to proceed. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. *Id.*

*Discussion.–* Plaintiffs have made a prima facie showing on their Motion to Certify and have properly framed the issues to be decided at the "notice stage" of an FLSA collective action under the governing *Lusardi* approach. Defendant has not at this time responded in opposition to the merits of Plaintiffs' Motion to Certify. Defendant argues on the Motion to Continue that Plaintiffs' Motion to Certify should be continued until September 7, 2011, because (1) the parties should be permitted an opportunity for discovery as to the applicability of the "seaman" exception to Plaintiffs; (2) allowing early discovery would be efficient for the parties and the Court; (3) BMSI will be prejudiced by having to extensively brief Plaintiffs' Motion to Certify and by having notice sent to every Tankerman they now employ or previously employed; and (4) there will be no possible prejudice from continuance as BMSI has agreed to toll the statute of limitations for Tankermen to opt into this suit.

Defendant's arguments are grounded on the premise that Defendant should be allowed discovery on the ultimate merits question of this dispute—whether Plaintiffs are "seaman" under the FLSA—prior to this Court's conditionally certifying a class and issuing notice.  This Court has already rejected similar arguments.  In *Foraker v. Highpoint Sw., Servs., L.P.*, No. H-06-1856, 2006 WL 2585047, *4 n.6 (S.D. Tex. Sept. 7 2006) (Atlas, J.)*,* this Court noted that:

> Insofar as Highpoint attempts to defeat notice and conditional certification by contending that the Merchandisers are supervisors and thus exempt from overtime pay requirements under the FLSA's executive exemption, *see* 29 U.S.C. § 213(a)(1), the argument is rejected. This argument goes to the merits of whether the employees are exempt from overtime pay and is not a persuasive basis to deny notice of this suit to Merchandisers.  Nothing in the Merchandisers' job description suggests that Merchandisers generally supervise others.  The fact that some Merchandisers may oversee one or two temporary laborers in the four busiest months of the year does not affect the result—on the limited record presented—that all Merchandisers are sufficiently similarly situated to warrant notice of this litigation.

Similarly, in this case, the argument of whether Plaintiffs are in fact "seaman" under the FLSA goes to the merits of whether the employees are exempt from overtime pay and is not a persuasive basis to deny notice of this suit to Tankermen. *See also McKnight v. D. Houston, Inc.*, — F. Supp. 2d — , 2010 WL 4806869, at *5, *8 (S.D. Tex. Nov. 18, 2010) (Rosenthal, J.) ("Neither stage of certification is an opportunity for the court to assess the merits of the claim by deciding factual disputes or making credibility determinations.").  Further, under the governing *Lusardi*

approach to certifying § 216(b) collective actions, a court generally decides the "notice stage" on the basis of the pleadings and any affidavits submitted.

For these reasons, the Court is not persuaded that postponing decision on Plaintiffs' Motion to Continue in order to conduct merits-based discovery fits within the FLSA's purposes.  Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Continue [Doc. # 15] is **DENIED.**  It is further

**ORDERED** that Defendant must respond to Plaintiffs' Motion to Certify by **April 13, 2011.**  Plaintiffs must file any reply by **April 20, 2011.**

SIGNED at Houston, Texas, this  **23**rd day of **March, 2011**.

Nancy F. Atlas
United States District Judge