IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH COFFIN, on behalf of himself and others similarly situated, | § § § | |
| Plaintiff, | § § | |
| | § | CIVIL ACTION NO. 4:11-cv-00214 |
| V. | § § | |
| BLESSEY MARINE SERVICES, INC., | § § | |
| Defendant. | § | |

## MEMORANDUM IN OPPOSITION TO
## <u>PLAINTIFF'S MOTION TO STRIKE CERTAIN DEFENSES</u>

Respectfully submitted,

Steven F. Griffith, Jr.
Baker Donelson Bearman
Caldwell & Berkowitz, PC
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000
E-mail: sgriffith@bakerdonelson.com

Thomas J. "Beau" Bethune, IV
General Counsel
Blessey Marine Services, Inc.
1515 River Oaks Rd. E.
Harahan, Louisiana 70123
Telephone: (504) 734-2616
Facsimile: (504) 734-2903
E-mail: bbethune@blessey.com

**ATTORNEYS FOR DEFENDANT,**
**BLESSEY MARINE SERVICES, INC.**

## **Table of Contents**

Table of Exhibits  ........................................................................................  ii

Unpublished Authorities (Submitted Conventionally)  ..............................  ii

Table of Authorities  ...................................................................................  iv

I.       Statement of Issues  ........................................................................  1

II.      Nature and Stage of Proceeding  .....................................................  1

III.     Summary of the Argument  ..............................................................  2

IV.      The Motion to Strike is Premature.  ................................................  2

V.       If Considered at this Time,
         The Motion to Strike Should be Denied.  .......................................  3

         A.      Blessey Marine's Thirteenth
                 Affirmative Defense Should Not Be Stricken.  ....................  5

                 1.      Estoppel Should Not Be Stricken.  ...........................  6

                 2.      Waiver Should Not Be Stricken.  ..............................  8

                 3.      Laches Should Not Be Stricken.  ..............................  9

                 4.      Failure to Mitigate Should Not Be Stricken.  ..........  10

         B.      Blessey Marine's Third and Fourth
                 Affirmative Defenses Should Not Be Stricken.  ...................  11

VI.      Conclusion  ......................................................................................  14

VII.     Proposed Order  ...............................................................................  15

Certificate of Service  .................................................................................  17

**<u>Table of Exhibits</u>**

1.      Proposed Order


**Unpublished Authorities**
**<u>(Submitted Conventionally)</u>**

2.      *Curry v. High Springs Family Practice Clinic & Diagnosis Ctr., Inc.*,
          No. 08-00008, 2008 WL 5157683 (N.D. Fla. 12/9/08).

3.      *Fair Isaac Corp. v. Texas Mut. Ins. Co.*,
          No. 05-3007, 2007 WL 43799 (S.D. Tex. 1/5/07).

4.      *Gonzalez v. Spears Holdings, Inc.*,
          No. 09-60501, 2009 WL 2391233 (S.D. Fla. 7/31/09).

5.      *Kendrick v. Alternative Care, Inc.*,
          No. 06-235, 2006 WL 4756451 (M.D. Fla. 10/25/06).

6.      *McGlothan v. Walmart Stores, Inc.*,
          No. 06-94, 2006 WL 1679592 (M.D. Fla. 6/14/06).

7.      *Tran v. Thai*,
          No. 08-3650, 2010 WL 5232944 (S.D. Tex. 12/16/10).

## Table of Authorities

**Page(s)**

CASES

*Action Nissan, Inc. v. Hyundai Motor Am.*,
617 F. Supp. 2d 1177 (M.D. Fla. 2008) ................................................................ 6

*Anchor Hocking Corp. v. Jacksonville Elec. Auth.*,
419 F. Supp. 992 (M.D. Fla. 1976) ...................................................................... 3

*Augustus v. Board of Public Instruction of Escambia County, Florida*,
306 F.2d 862 (5th Cir. 1962) ........................................................................ 4, 6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ...................................................................................... 3, 4

*Belt v. EmCare, Inc.*,
444 F.3d 403 (5th Cir. 2006) .......................................................................... 13

*Berry v. Lee*,
428 F. Supp. 2d 546 (N.D. Tex. 2006) ................................................................ 3

*Brumbelow v. Quality Mills, Inc.*,
462 F. 2d 1324 (5th Cir. 1972) ...................................................................... 7, 8

*Clark v. Amoco Production Co.*,
794 F.2d 967 (5th Cir. 1986) .......................................................................... 10

*Cowart v. Ingalls Shipbuilding, Inc.*,
213 F.3d 261 (5th Cir. 2000) .......................................................................... 12

*Curry v. High Springs Family Practice Clinic & Diagnosis Ctr., Inc.*,
No. 08-00008, 2008 WL 5157683 (N.D. Fla. 12/9/08) ........................................ 7

*Dalheim v. KDFW-TV*,
918 F.2d 1220 (5th Cir. 1990) ........................................................................ 14

*DuFrene v. Browning-Ferris, Inc.*,
994 F. Supp. 748 (E.D. La. 1998) ...................................................................... 13

*Fair Isaac Corp. v. Texas Mut. Ins. Co.*,
No. 05-3007, 2007 WL 43799 (S.D. Tex. 1/5/07) ............................................ 2, 3

*FDIC v. Wheat,*
   970 F.2d 124 (5th Cir. 1992) ....................................................................................... 11

*Federal Deposit Insurance Corp. v. Niblo,*
   821 F. Supp. 441 (N.D. Tex. 1993) ........................................................................... 4, 11

*First Interstate Bank of Arizona, N.A. v. Interfund Corp.,*
   924 F.2d 588 (5th Cir. 1991) ..................................................................................... 8, 9

*Frederick v. Kirby Tankships, Inc.,*
   205 F. 3d 1277 (11th Cir. 2000) .................................................................................. 11

*Gardner v. Panama R. Co.,*
   342 U.S. 29 (1951) ...................................................................................................... 10

*Gonzalez v. Spears Holdings, Inc.,*
   No. 09-60501, 2009 WL 2391233 (S.D. Fla. 7/31/09) ................................................. 8

*Heckler v. Community Health Servs. of Crawford County, Inc.,*
   467 U.S. 51 (1983) ........................................................................................................ 7

*Ingraham v. United States,*
   808 F.2d 1075 (5th Cir. 1987) .................................................................................... 11

*Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,*
   677 F.2d 1045 (5th Cir. 1982) ...................................................................................... 3

*Kendrick v. Alternative Care, Inc.,*
   No. 06-235, 2006 WL 4756451 (M.D. Fla. 10/25/06) .................................................. 9

*Lott v. Howard Wilson Chrysler-Plymouth, Inc.,*
   203 F.3d 326 (5th Cir. 2000) ..................................................................................... 13

*McGlothan v. Walmart Stores, Inc.,*
   No. 06-94, 2006 WL 1679592 (M.D. Fla. 6/14/06) ..................................................... 8

*McMahon v. Pan Am World Airways, Inc.,*
   297 F.2d 268 (5th Cir. 1962) ..................................................................................... 10

*Newton v. City of Henderson,*
   47 F.3d 746 (5th Cir. 1995) ......................................................................................... 7

iv

*Owens v. UNUM Life Ins. Co.*,
   285 F. Supp. 2d 778 (E.D. Tex. 2003) ............................................................................. 4

*Tran v. Thai*,
   No. 08-3650, 2010 WL 5232944 (S.D. Tex. 12/16/10) ................................ 5, 7, 10, 11

*U.S. ex rel. Pogue v. Diabetes Treatment Centers of America*,
   474 F. Supp. 2d 75 (D.D.C. 2007) .................................................................................. 3

*United States v. Cushman & Wakefield, Inc.*,
   275 F. Supp. 2d 763 (N.D. Tex. 2002) ................................................................. 3, 4, 6

*Vela v. City of Houston*,
   276 F.3d 659 (5th Cir. 2001) ...................................................................................... 14


**STATUTES**

29 U.S.C. §201 *et seq.* ................................................................................................... 2

29 U.S.C. § 213(a)(1) .................................................................................................... 12


**RULES**

29 C.F.R. § 541.118(a) ................................................................................................. 12

29 C.F.R. §§ 541.200 and 541.300 ............................................................................. 12

29 C.F.R. § 541.602 ...................................................................................................... 12

Fed. R. Civ. P. 8(b)(1) ................................................................................................. 15

Fed. R. Civ. P. 12(f) ...................................................................................................... 2

Fed. R.Civ. P. 8(c) ........................................................................................... 7, 8, 9, 11,15

Fed. R. Civ. P. 11 ................................................................................................ 2, 11, 14

Fed. R. Civ. P. 12(f) ...................................................................................................... 2

Fed. R. Civ. P. 12(b)(6) ................................................................................................. 3

**OTHER AUTHORITIES**

Black's Law Dictionary (9th ed. 2009) .................................................................. 7

Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381
    (3d ed. 2010) ............................................................................................... 3, 6

## MEMORANDUM IN OPPOSITION TO
## <u>PLAINTIFF'S MOTION TO STRIKE CERTAIN DEFENSES</u>

Defendant, Blessey Marine Services, Inc. ("Blessey Marine"), respectfully files this Memorandum of Law in Opposition to Plaintiff's Motion to Strike certain of BMSI's defenses. ("Motion to Strike"), [R. Doc. No. 20].  Mr. Coffin's motion to strike is yet another example of an attempt, in the very earliest stages of this litigation, to oversimplify (indeed, distort) the case to his advantage and prejudice Blessey Marine.

**I.**      **<u>Statement of Issues</u>**

The sole question before the Court is whether the Court should strike Blessey Marine's affirmative defenses of waiver, estoppel, laches, failure to mitigate, and the professional and administrative exemptions under the Fair Labor Standards Act ("FLSA").

**II.**      **<u>Nature and Stage of Proceeding</u>**

On January 17, 2011, Keith Coffin filed his Complaint seeking to represent a collection of all Tankermen who worked for Blessey Marine in the United States in the last three years.  [R. Doc. No. 1].  Mr. Coffin alleges that Blessey Marine violated the FLSA by misclassifying Tankermen as "seamen" exempt under the FLSA.

On March 4, 2011, Blessey Marine answered the Complaint alleging several affirmative defenses.  [R. Doc. No. 19].  Mr. Coffin filed his Motion to Strike on March 16, 2011 [R. Doc. No. 20].

**III.    Summary of the Argument**

This is a putative collective action seeking unpaid overtime wages under the FLSA, 29 U.S.C. §201 *et seq*.  [R. Doc. No. 21].  Mr. Coffin was employed as a "Tankerman" by Blessey Marine, which operates towboats and transport barges filled with liquid cargo throughout the navigable inland waterways of the United States.  Mr. Coffin alleges that Blessey Marine misclassified him as exempt from overtime under the FLSA's "seaman" exemption.  However, while Mr. Coffin may choose to focus on the "seaman" exemption, Blessey Marine is **not** precluded from asserting potentially viable affirmative defenses, including defenses that invoke other exemptions recognized by the FLSA.  The parties have just begun discovery, no written discovery from Mr. Coffin has been provided, no depositions have been taken, and no documents have been exchanged.

Blessey Marine's defenses are legally sufficient and in compliance with Rule 11 of the Federal Rules of Civil Procedure.  At a minimum, Mr. Coffin will suffer no prejudice if the Court postpones addressing the legal sufficiency of the defenses until after the parties conduct discovery.  Therefore, the Motion should be denied.

**IV.    The Motion to Strike is Premature.**

"[A] court must deny a motion to strike a defense if there is any question of law or fact."  *See United States v. Cushman & Wakefield, Inc.*, 275 F. Supp. 2d 763, 767-68 (N.D. Tex. 2002)) (citing *Augustus v. Board of Public Instruction of Escambia County, Florida*, 306 F.2d 862, 868 (5th Cir. 1962), and *Federal Deposit Insurance Corp. v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993)).  At this point in the litigation, there are

many questions of fact because discovery has just commenced.

The question at issue in Mr. Coffin's Motion to Strike is whether Blessey Marine's affirmative defenses are legally sufficient.  This question is capable of relatively easy answering, if the parties are permitted time to uncover the facts.  And, it may well be that evidence will be uncovered that will invalidate certain affirmative defenses of Blessey Marine.  But, either way, the parties should be permitted an opportunity for this basic discovery to occur before Blessey Marine is denied the opportunity to assert its affirmative defenses.

If Blessey Marine's affirmative defenses have no merit, Blessey Marine will withdraw them.  And, if it will not, the Motion to Strike can be taken up by this Court once discovery is complete, and Mr. Coffin will not have suffered prejudice of any kind. In contrast, if discovery reveals that Blessey Marine's affirmative defenses do have merit, Blessey Marine will have suffered the highest sanction by having those affirmative defenses stricken at this early stage.

## V.      If Considered at this Time, the Motion to Strike Should be Denied.

Rule 12(f) of the Federal Rules of Civil Procedure provides a mechanism for the Court to exercise its discretion to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f); *Fair Isaac Corp. v. Texas Mut. Ins. Co.*, No. 05-3007, 2007 WL 43799, at *2 (S.D. Tex. 1/5/07) (Atlas, J.). Motions to strike are disfavored and are infrequently granted.  *Id.* (*citing Berry v. Lee*,

428 F. Supp. 2d 546, 563 (N.D. Tex. 2006); *see also Cushman*, 275 F. Supp. 2d at 767). This is especially so where the motion is directed at an affirmative defense, discovery on the issues will cause no prejudice to Mr. Coffin, and it appears that the motion may be designed to harass. *See* 5C Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1381 (3d ed. 2010) (collecting authorities).

The burden lies with the party moving to strike, and has been described as a "formidable" one. *U.S. ex rel. Pogue v. Diabetes Treatment Centers of America*, 474 F. Supp. 2d 75, 79 (D.D.C. 2007). When a plaintiff challenges the defendant's assertion of an affirmative defense, the standard is akin to that used when deciding a motion to dismiss under Rule 12(b)(6). *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057-58 (5th Cir. 1982). A defense is insufficient as a matter of law only if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law. *See Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976). Whether a defense is invalid as a matter of law depends on the nature of the claim <u>and</u> the asserted defense. *Owens v. UNUM Life Ins. Co.*, 285 F. Supp. 2d 778, 780 (E.D. Tex. 2003).

Some courts within the Fifth Circuit have further held that, in order to succeed on a motion to strike, the plaintiff must show "that the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving

party." *See Cushman*, 275 F. Supp. 2d at 767-68 (citing *Augustus*, 306 F.2d at 868 and

*Niblo*, 821 F. Supp. at 449).[1]  If that showing is not made, "a court must deny a motion to

strike a defense if there is any question of law or fact."  *Id.*

> A.    *Blessey Marine's Thirteenth
> <u>Affirmative Defense Should Not Be Stricken.</u>*

Mr. Coffin moves to strike four defenses in the Thirteenth Affirmative Defense in

the Answer:  estoppel, laches, waiver, and failure to mitigate.  At the outset, Mr. Coffin

cites *Tran v. Thai*, No. 08-3650, 2010 WL 5232944 (S.D. Tex. 12/16/10) in support of his

argument that the affirmative defenses are meritless.  But, the *Tran* court recognized that

"**it is unclear** whether the equitable defenses of waiver, estoppel, unclean hands, and

laches are available under the FLSA."  *Id.*, at *7 (emphasis added) (citations omitted).

Then, in the context of a <u>motion for summary judgment</u>, the court simply found that

"assuming" the doctrines are viable in FLSA cases, the defendant in that case had not,

after conducting discovery, managed to raise a triable issue of fact as to the defenses of

estoppel, waiver, unclean hands and laches. *Id.*  The court in *Tran* declined to make the

sweeping conclusion advanced by Mr. Coffin, and this Court should do the same.

Even accepting the statement that some courts have rejected these defenses in

overtime cases on the merits, the questions appropriately before this Court with respect to

---

[1] According to the court in *Cushman*, "as the court noted in *Augustus*, 'when there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law on a motion to strike.  Under such circumstances, the court may properly, and we think should, defer action on the motion and leave the sufficiency of the allegations for determination on the merits.'"  275 F. Supp. 2d at 768 n. 3.

this Motion and each of these defenses are:

- whether they are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense;

- whether the presence of the defenses throughout the proceedings will cause plaintiff prejudice; and

- whether there are no questions of fact and that any questions of law are clear and not in dispute, and that under no set of circumstances can these defenses succeed.

*See* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381 (3d ed. 2010) (collecting authorities); *see also Cushman*, 275 F. Supp. 2d at 767-68 (citing *Augustus*, 306 F.2d at 868); *Action Nissan, Inc. v. Hyundai Motor Am.*, 617 F. Supp. 2d 1177, 1187 (M.D. Fla. 2008) (providing that even though defendant pleaded its affirmative defense in a conclusory manner, plaintiff failed to demonstrate any prejudice that would warrant the drastic remedy of striking that defense).  Mr. Coffin has not adequately shown these three elements at this stage of the proceedings.

### 1.   Estoppel Should Not Be Stricken.

Estoppel, a defense recognized by Federal Rule of Civil Procedure 8(c), is "an equitable doctrine invoked to avoid injustice in particular cases."  *Heckler v. Community Health Servs. of Crawford County, Inc.*,  467 U.S. 51, 59 (1983).  The elements of estoppel are (1) a misrepresentation to the party asserting estoppel; (2) the party to be estopped was aware of the facts; (3) the party to be estopped intended for the party asserting estoppel to act on the misrepresentation; (4) the party asserting estoppel lacked

knowledge of the facts; and (5) the party asserting estoppel reasonably relied on the misrepresentation to its detriment. *Id.* Estoppel bars a plaintiff from adopting a position in court that contradicts his or her past statements or actions when that contradictory stance would be unfair to another person relying on the statements or actions. *See* Black's Law Dictionary (9th ed. 2009).

The affirmative defense of estoppel is not, as a matter of law, an invalid defense in FLSA cases. As Mr. Coffin admits, "courts have found that estoppel may be asserted under the FLSA." [Doc. No. 20, at n. 8] (citing *Brumbelow v. Quality Mills, Inc.*, 462 F. 2d 1324, 1327 (5th Cir. 1972)). For instance, estoppel may represent a viable affirmative defense to an FLSA claim where the employee misleads the employer to its disadvantage. *See Newton v. City of Henderson,* 47 F.3d 746, 749 (5th Cir. 1995) (overturning district court's award of overtime, rejecting plaintiff's argument that City should have known of his failure to abide by established overtime procedures); *Tran,* 2010 WL 5232944, at *8; *Curry v. High Springs Family Practice Clinic & Diagnosis Ctr., Inc.*, No. 08-008, 2008 WL 5157683, at *4 (N.D. Fla. 12/9/08) (citations omitted); *see also McGlothan v. Walmart Stores, Inc.*, No. 06-94, 2006 WL 1679592, at *2 (M.D. Fla. 6/14/06) (citing *Brumbelow,* 462 F.2d 1324, 1327 (5th Cir. 1972)).

As yet another case *cited by Mr. Coffin* recognizes, "estoppel can [also] be a valid defense to an FLSA claim where the party asserting estoppel is not seeking to entirely preclude the opposing party from bringing its FLSA claim." *Gonzalez v. Spears*

*Holdings, Inc.*, No. 09-60501, 2009 WL 2391233, at *3 (S.D. Fla. 7/31/09) (citations omitted).   Reading the defense in the light most favorable to Blessey Marine, and considering that discovery has just begun and Mr. Coffin has not shown any prejudice that would result from denying the motion to strike, Blessey Marine should be entitled to plead this defense and attempt to prove it <u>after</u> reviewing Mr. Coffin's, employment history, and deposing witnesses.   If Mr. Coffin took actions contrary to his position asserted in this case, actions to mislead Blessey Marine to its disadvantage, or actions that would impact a portion of his claim (such as his entitlement to liquidated damages or the statute of limitations), this Affirmative Defense is not only viable, but valid.

2.   <u>Waiver Should Not Be Stricken.</u>

Waiver is a defense recognized by Federal Rule of Civil Procedure 8(c).   The elements of waiver are (1) an existing right, benefit or advantage; (2) knowledge, actual or constructive, of the existence of that right, benefit or advantage; and (3) actual intent to relinquish the right, which can be inferred from conduct.   *First Interstate Bank of Arizona, N.A. v. Interfund Corp.*, 924 F.2d 588, 595 (5th Cir. 1991).   Generally, waiver is a factual question turning on the question of intent, and becomes a matter of law only when the material facts and circumstances are undisputed and there is no room for argument or inference.   *Id.*

Mr. Coffin argues that it is "black letter law that an employee cannot waive FLSA rights."   [Doc. No. 20 at p. 3].   However, Mr. Coffin cites no Fifth Circuit case standing

8

for this "black letter rule of law" and does not show how it will prejudice him for Blessey Marine to explore facts that may support the defense.  It is true that some cases have held that waiver is not a legally cognizable in FLSA claims, but there are at least two exceptions to the general rule: (1) when an employee accepts full payment of unpaid wages under the supervision of the Secretary of Labor, and (2) when an employee accepts payment under a court-approved settlement.  *Kendrick v. Alternative Care, Inc.*, No. 06-235, 2006 WL 4756451, at *2 (M.D. Fla. 10/25/06).  Further, Mr. Coffin's ultimate entitlement to relief if successful on the merits will require consideration of the applicable statute of limitations and his potential entitlement to liquidated damages. After discovery, it may be true that the defense should be withdrawn.  But, Mr. Coffin has not shown how he will be prejudiced if the Court postpones addressing the legal sufficiency of the defense until after discovery.

3.     <u>Laches Should Not Be Stricken.</u>

Laches is an affirmative defense recognized by Federal Rule of Civil Procedure 8(c).  It is an equitable doctrine analogous to statutes of limitation at law, and it prevents parties from seeking equitable relief if they have improperly rested on their claims and the defendant would be prejudiced as a result of the delay.  *See Clark v. Amoco Production Co.*, 794 F.2d 967, 971 (5th Cir. 1986).  There are three interrelated elements to the defense: (1) delay in asserting a right or claim; (2) that the delay was inexcusable; and (3) that undue prejudice resulted from the delay.  *Id.*  Laches is a flexible measure of

9

the time within which an action must be brought; no specific time limit is set.  *Gardner v. Panama R. Co.,* 342 U.S. 29, 31 (1951).

As to Blessey Marine's defense of laches, Mr. Coffin fails to make any argument or cite to any authority that shows that the defense, as a matter of law, cannot be asserted in this case, and the motion to strike should be denied.   Indeed, laches has been *specificall*y recognized as barring a seaman's claim for allegedly unpaid overtime.  *See McMahon v. Pan Am World Airways, Inc.*, 297 F.2d 268, 270 (5th Cir. 1962) (affirming district court's dismissal of claim for overtime where Mr. Coffin failed to file suit until 19 months after date when wages allegedly accrued).  At a minimum, an evaluation of the sufficiency of the defense can, and should, await further development of the record.

### 4.    Failure to Mitigate Should Not Be Stricken.

Blessey Marine has alleged that Mr. Coffin's claims are barred, in whole or in part, because Mr. Coffin failed to mitigate any alleged damages.  Mr. Coffin moves to strike based on the ground the court's observation in *Tran*, *supr*a, that "*many courts have found* that as a matter of law 'there is no requirement to mitigate overtime wages under the FLSA.'"  2010 WL 5232944, at *7 (emphasis added).

Failure to mitigate is an affirmative defense within the ambit of Federal Rule 8(c).  *See Ingraham v. United States*, 808 F.2d 1075, 1078 (5th Cir. 1987); *Niblo*, 821 F. Supp. at 453-54; *Frederick v. Kirby Tankships, Inc.,* 205 F. 3d 1277, 1286-87 (11th Cir. 2000).  A party claiming damages resulting from the wrongful conduct of another must take

reasonable advantage of opportunities to reduce or minimize his losses, when reasonable. *FDIC v. Wheat*, 970 F.2d 124, 132 (5th Cir. 1992). For example, in *Niblo*, the plaintiff moved to strike the affirmative defense of mitigation, arguing that it was insufficient as a matter of law. The court disagreed, holding that "a plaintiff's duty to mitigate its damages is owed to itself if that plaintiff desires to have full satisfaction of its damages. 821 F. Supp. at 453. The affirmative defense of mitigation of damages is not insufficient as a matter of law, and should not be stricken." Here, at this early stage, the Motion to Strike should be denied.

        B.     *Blessey Marine's Third and Fourth*
               *Affirmative Defenses Should Not Be Stricken.*

Blessey Marine avers in its Third Affirmative Defense that Mr. Coffin is exempt from the FLSA as a bona fide administrative employee and in its Fourth Affirmative Defense that Mr. Coffin is exempt from the FLSA as a bona fide professional employee. The bulk of Mr. Coffin's memorandum in support of his motion to strike is devoted to Mr. Coffin's assertion that Blessey Marine's invocation of the administrative and professional exemptions is not only meritless, but justifies notice under Rule 11. [Doc. No. 20, at 5-10]. These are allegations that Blessey Marine does not take lightly, and which Blessey Marine considers unduly harassing and designed to color the Court's perception of the case at an early stage.

Notwithstanding the seaman exemption, the exemptions for administrative and professional employees may apply to certain Tankermen in the proposed collection or

even to Mr. Coffin for certain weeks he worked.  The FLSA exempts from its overtime requirements any employee who is paid on a salary basis and who works in a bona fide administrative or professional capacity.  *See* 29 U.S.C. § 213(a)(1); *Cowart v. Ingalls Shipbuilding, Inc.*, 213 F.3d 261, 262-63 (5th Cir. 2000) (senior production managers for shipbuilding company, paid a predetermined amount on a weekly basis, were salaried, exempt administrative employees not entitled to overtime); *see also* 29 C.F.R. §§ 541.200 and 541.300.

"Salary basis" is defined in 29 C.F.R. § 541.602.  An employee is paid on a salary basis if "the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined *amount* constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or the quantity of the work performed."  29 C.F.R. § 541.118(a) (emphasis added); *see also Cowart*, 213 F.3d at 264.  Mr. Coffin's day rate falls within that category – it was a predetermined amount that he was paid for every 14 or 28 day hitch that he worked.

Mr. Coffin consistently misstates the principles stated by the authorities he cites. For instance, Mr. Coffin asserts the broad principle that a day rate is "inherently incompatible with the 'salary basis' test."  Yet the only Fifth Circuit case he cites in support of this proposition is a case that involved compensation under a collective bargaining agreement and the issue before the Court was whether the employer had "failed to comply with regulatory requirements because the employees d[id] not have a

'clear and mutual understanding' of the compensation scheme as is mandated [by regulation]." *DuFrene v. Browning-Ferris, Inc.*, 994 F. Supp. 748, 753 (E.D. La. 1998) (aff'd, 207 F.3d 264 (5th Cir. 2000)).  In *Dufrene* the plaintiff residential drivers never attempted to be classified as administrative or professional –focusing instead of statutes covering day rate employees versus statutes covering salaried employees with fluctuating hours.  *Id.* at 754.  Mr. Coffin's attempt to analogize the cases is misguided.  *Dufrene* does <u>not</u> stand for the proposition urged by plaintiff: that payments calculated on a day rate can never qualify under the salary-basis test.[2]

With respect to the duties performed by Tankermen, Blessey Marine does not disagree with the general principle that the administrative and professional exemptions involve a fact-intensive inquiry into factors such as the nature of Mr. Coffin's duties, the amount of discretion and judgment exercised by Mr. Coffin, and Mr. Coffin's educational background.  Indeed, this principle was recognized by this Circuit in the very cases cited by Mr. Coffin, *Dalheim v. KDFW-TV*, 918 F.2d 1220, 1227-28 (5th Cir. 1990) and *Vela v. City of Houston*, 276 F.3d 659, 675-77 (5th Cir. 2001) (refusing to rely on job description to make determination of whether exemption applied, finding that "a generic job description tells us nothing about the specific duties of each Manager or what percentage

---

[2] By way of further example, Mr. Coffin cites *Lott v. Howard Wilson Chrysler-Plymouth, Inc.,* 203 F.3d 326, 332 (5th Cir. 2000), for the principle that to qualify for either exemption, Blessey Marine was required to pay Mr. Coffin and the other Tankermen on a salary basis.   The court in *Lott* made this point with respect to the **executive exemption** alone**,** not the administrative or professional exemption.  *Id.* at 332.  In the case of *Belt v. EmCare, Inc.*, 444 F.3d 403, 407 (5th Cir. 2006), also cited by Mr. Coffin, the court was not called upon to address the salary basis issue; the parties in that case agreed that the plaintiff was paid on an hourly basis.  *Id.* at 405-06.

of time was spent on management activities."). But it is the very fact-sensitive nature of the inquiry that defeats Mr. Coffin's argument for striking (much less *sanctioning* Blessey Marine and/or its counsel for asserting) the defenses.

Blessey Marine included these defenses in its Answer because, given the professional nature of the work being performed, the specialized skill set and licensing involved,[3] and the supervision of other employees (at least as to some Tankermen), there are likely putative collection members that fall squarely within the Administrative or Professional exemptions under the FLSA – and it is even more likely that they fall into them for certain weeks of work. Finally, discovery may reveal that Mr. Coffin is one of them. At this stage, the Motion to Strike should be denied.

**VI.    Conclusion**

Blessey Marine's defenses are legally sufficient and in compliance with Rule 11 of the Federal Rules of Civil Procedure. Whether a defense is invalid as a matter of law depends on the nature of the claim <u>and</u> the asserted defense. The parties have just begun discovery, no written discovery from Mr. Coffin has been provided, no depositions have been taken, and no documents have been exchanged. Mr. Coffin will suffer no prejudice if the Court postpones addressing the legal sufficiency of the defenses until after the parties conduct discovery. Blessey Marine, however, will be severely prejudiced if the

---

[3] Every Tankerman is Coast Guard certified to be specially trained to ensure that barges are capable of – and do – safely receive and discharge cargo. Tankermen are required to have Transportation Worker Identification Cards issued by the Department of Homeland Security, Z-Cards (or other Merchant Mariner certification) from the United States Coast Guard, and a Tankerman's license (which itself requires training supervised by the Coast Guard, an apprenticeship, and related classroom training).

Court strips it of its defenses before providing Blessey Marine the opportunity to uncover facts related to its defenses in discovery.

**VII.   Proposed Order**

Pursuant to Section 6(A)(2) of this Court's Procedures, a Proposed Order is attached to this Motion as Exhibit "1."

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

BY:      *s/Steven F. Griffith, Jr.*

STEVEN F. GRIFFITH, JR. (La. Bar 27232)
  *(Pro Hac Vice Admission)*
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana  70170
Telephone:  (504) 566-5200
Facsimile:  (504) 636-4000
E-mail:  sgriffith@bakerdonelson.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT,
BLESSEY MARINE SERVICES, INC.**

15

OF COUNSEL:

Thomas J. "Beau" Bethune, IV
(U.S.D.C - S.D. Tex. Fed. I.D. No. 1100930)
General Counsel
Blessey Marine Services, Inc.
1515 River Oaks Rd. E.
Harahan, Louisiana  70123
Telephone:  (504) 734-2616
Facsimile:  (504) 734-2903
E-mail:   bbethune@blessey.com

ATTORNEY FOR DEFENDANT,
BLESSEY MARINE SERVICES, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of April, 2011, I electronically filed the foregoing with the Clerk of the Court using ECF system which sent notification of such filing to the following:

> Mark J. Oberti (mark@osattorneys.com)
> Edwin Sullivan (ed@osattorneys.com)
> ATTORNEYS FOR PLAINTIFF

and I hereby certify that I have mailed by United States Mail, postage prepaid, the document to the following non-ECF participants:

> None.

This the 15th day of April, 2011.

_s/Steven F. Griffith, Jr._
STEVEN F. GRIFFITH, JR.
