IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH COFFIN, on behalf of himself and others similarly situated, | § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. 4:11-cv-00214 |
| BLESSEY MARINE SERVICES, INC., | § § § | |
| Defendant. | § | |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO HIS EXPEDITED MOTION TO CONDITIONALLY CERTIFY A COLLECTIVE ACTION AND TO ISSUE NOTICE**

**I.    REPLY ARGUMENTS**

There are three main reasons why BMSI's response does nothing to thwart Coffin's expedited motion for conditional certification and to issue notice ("Coffin's motion").

**A.    First:  As A General Rule, Courts Conditionally Certify Misclassification Cases Like Coffin's – Where All The Workers Have The Same Job Title, Same Job Description, And Same Pay Classification**

**1.    Under The General Rule Applied By The Courts, This Case Should Be Conditionally Certified**

As a general rule, courts grant conditional certification in FLSA misclassification cases, like this one, where a distinct group of workers:  (1) have the same job title; (2) are bound by the same written job description; (3) and are all classified by their employer as "exempt" from overtime.  *See, e.g., Falcon v. Starbucks Corp.*, 580 F. Supp. 2d 528, 536 (S.D. Tex. 2008); *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007); *Foraker v. Highpoint Sw.*, No H-06-1856, 2006 WL 2585047, at *4 (S.D. Tex. Sept. 7, 2006) (Atlas, J.) (Ex. A).  Indeed, even where job titles and functions differ in some respects, courts generally grant conditional certification of such cases.  *See, e.g., Villarreal v. St. Luke's Episcopal Hosp.*, --- F. Supp. 2d ---,

---, Civil Action No. 10-CV-247, 2010 WL 4604453, at *12 (S.D. Tex. Nov. 3, 2010) (granting certification in a misclassification case as to workers in two job titles because, "[i]t is not apparent that any differences between these two teams are relevant or make the jobs so dissimilar as to deny collective action.") (Ex. B); *Tolentino v. C & J Spec-Rent Services Inc.*, 716 F. Supp. 2d 642, 651-62 (S.D. Tex. 2010) (granting certification in a misclassification case of workers with the same job title who allegedly had different job duties because, "even if the actual jobs performed by other "operators" differed in certain respects, it is not apparent that these differences would be relevant, or that the jobs are so dissimilar as to warrant denying collective action at this time.").

Coffin relied on this general rule in his motion, and cited this Court's decision in *Foraker*, which is an example of a decision from a FLSA misclassification case that applied that rule.[1] In its response, BMSI failed to try to distinguish *Foraker*, or any of the other cases that prove this general rule. As such, BMSI implicitly conceded that this case is like *Foraker*, and fits within the general rule that justifies certifying this case under the lenient standard that applies at this stage. Even if BMSI had addressed *Foraker*, such a concession is logically impossible to avoid, as demonstrated in the following section.

> **2. BMSI Has Not Demonstrated That Any Exception To The General Rule Applies Here, So Conditional Certification Remains Proper In This Case**

There are some FLSA misclassification cases where, notwithstanding a common job title, common job description, and common pay classification, conditional certification may not be proper. For example, in *Aguirre v. SBC Communications, Inc.*, No. Civ.A. H-05-3198, 2006 WL 964554 (S.D. Tex. Apr. 11, 2006) (Ex. C), the plaintiffs were "call managers" for Southwestern

---

[1] Coffin's Motion, Docket Entry No. 8 at 3, 12, 14, and 17.

Bell. The Honorable U.S. District Court Judge Lee Rosenthal declined to send notice and denied conditional collective action certification because the plaintiffs' unsupported conclusory allegations were inadequate to demonstrate, even under the lenient applicable standard, that the employees in issue were sufficiently similarly situated. *Id*. at **6-7. The *Aguirre* defendants submitted detailed substantive affidavits describing widely varying job duties among two categories of call managers, and among workers in each category. This extensive and uncontroverted evidence persuaded Judge Rosenthal that determining whether potential plaintiffs were similarly situated would require a highly individualized and fact-specific inquiry of each employee's daily job duties. *See id*.

BMSI tries to rely on *Aguirre*,[2] but its effort fails, just like the defendant-employer's effort in *Foraker* failed. In *Foraker*, this Court distinguished *Aguirre*, and granted the plaintiffs' motion for conditional certification, because: (1) evidence supported the plaintiffs' contention that the at-issue workers had been treated by the defendant-employer as a single class of employees; (2) evidence indicated that the workers were similarly situated, and the defendant failed to establish meaningful differences in job duties within the single job classification it used over the three years in issue; and (3) the defendant's pay policies had been consistently applied to all workers in the job category in issue. *Foraker*, 2006 WL 2585047, at *4.

This case is more like *Foraker* than *Aguirre*. Coffin has presented detailed – not conclusory – allegations in his 53 paragraph complaint and in his sworn affidavit.[3] As in *Foraker*, Coffin's allegations in his lengthy complaint and his factually specific sworn affidavit

---

[2] BMSI's Response, Docket Entry No. 24 at 13.

[3] Affidavit of Keith Coffin, Docket Entry No. 8, Ex. 2 at ¶ 16; Plaintiff's Complaint, Docket Entry No. 1.

provide evidence that all Tankermen have been treated by BMSI as a single class of employees.[4] As in *Foraker*, those detailed allegations – and BMSI's own detailed job description for Tankermen – also provide evidence that the Tankermen are similarly situated. As discussed below in section I.C., BMSI has failed to establish that any meaningful or legally relevant differences in job duties exist within the Tankermen job classification.[5] Finally, as in *Foraker*, the evidence is uncontroverted that BMSI's pay policies have been consistently applied in the same way to all its Tankermen.[6] Accordingly, as in *Foraker*, the Court should grant Coffin's motion for conditional certification. *See also Tolentino*, 716 F. Supp. 2d at 651-62.

### B. Second: Coffin Has Proven That There Is A Reasonable Basis For Crediting The Assertion That Aggrieved Individuals Exist

BMSI appears to misconstrue this requirement in its response.[7] To satisfy this requirement at this lenient stage of the case, Coffin need only show that the other Tankermen to be included in the putative class were, like him, also not paid overtime. *See, e.g., Villarreal*, 2010 WL 4604453, at *10-11 (rejecting same argument BMSI makes and stating that, "[t]he test for the first element is actually much more lenient than that; Plaintiff need only show that it is reasonable to believe that there are other aggrieved employees who were subject to an allegedly unlawful policy or plan."). There is no question that Coffin has satisfied this requirement – BMSI itself does not dispute the fact that it has classified all of its Tankermen as exempt from overtime.

---

[4] Affidavit of Keith Coffin, Docket Entry No. 8, Ex. 2 at ¶¶ 10-19; Plaintiff's Complaint, Docket Entry No. 1 at ¶¶ 1, 3, 32, 35-37.

[5] Affidavit of Keith Coffin, Docket Entry No. 8, Ex. 2 at ¶¶ 10-19; Tankermen Job Description, Docket Entry 8, Ex. 2-A; Plaintiff's Complaint, Docket Entry No. 1 at ¶¶ 1, 3, 32, 35-37.

[6] Affidavit of Keith Coffin, Docket Entry No. 8, Ex. 2 at ¶ 19; Plaintiff's Complaint, Docket Entry No. 1 at ¶ 3.

[7] BMSI's Response, Docket Entry No. 24 at 12-14.

It is worth noting that Coffin has gone even further than this element of the *Lusardi* test requires him to. In most misclassification cases, there is a question about whether the other putative class-members even worked overtime. Here, there is no such question, because Coffin has demonstrated that each and every Tankerman at BMSI works at least 84 hours per week when they are on duty – which is 44 hours per week of unpaid overtime worked by approximately 200 blue collar Tankermen like Coffin.[8]

This undisputed proof shows not only that this case is procedurally fit for conditional certification, but also that it is substantively in line with the underlying purposes of the FMLA. Specifically, the FLSA was enacted for the purpose of protecting all covered workers from substandard wages and oppressive working hours. *Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728, 739, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981); 29 U.S.C. § 202(a). It was designed to ensure that each employee covered by the Act would receive "[a] fair day's pay for a fair day's work and would be protected from the evil of overwork as well as underpay." *Id*. at 739, 101 S.Ct. 1437 (internal citations and quotations omitted). Granting Coffin's motion for condition certification vindicates that purpose and is consistent with both the letter and the spirit of the FLSA.

> **C. Third, Coffin Has Proven That Those Other Aggrieved Individuals Are Similarly Situated To Him In Relevant Respects Given The Claims And Defenses Asserted**

BMSI also appears to misunderstand this requirement in its response.[9] Under the lenient standard, the potential class plaintiffs are considered "similarly situated" to the named plaintiff if they are "'similarly situated' with respect to their job requirements and with regard to their pay

---

[8] Affidavit of Keith Coffin, Docket Entry No. 8, Ex. 2 at ¶¶ 16, 19; Docket Entry No. 15 at 2.

[9] BMSI's Response, Docket Entry No. 24 at 15-24.

provisions. The positions need not be identical, but similar. A court may deny a plaintiff's right to proceed collectively only if the action arises from "circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice." *Yaklin v. W-H Energy Servs., Inc.*, Civil Action No. C-07-422, 2008 WL 1989795, at *2 (S.D. Tex. May 2, 2008) (internal citations omitted) (Ex. D); *see also Villarreal*, 2010 WL 4604453, at *10 (same). This is a fairly low threshold to satisfy, and – as set out in detail his motion – Coffin has clearly surmounted it.[10]

BMSI's two affidavits do not suffice to demonstrate that Coffin's claim arises from "circumstances purely personal to [him], and not from any generally applicable rule, policy, or practice." *Yaklin*, 2008 WL 1989795, at *2. BMSI's affidavits do not say that other Tankermens' work is substantially different from Coffin's work in any legally relevant way. BMSI's affidavits do not say that the work that any particular Tankermen does is substantially different than what any other specific Tankermen does in any way that is likely to be be legally relevant. And, BMSI's affidavits do not present any proof that some specific Tankermen may plausibly be covered by the administrative or professional exemptions from overtime, whereas others are not so covered. Any of that sort of proof that differentiates the Tankermen in a legally relevant way might undermine Coffin's motion, but BMSI's affidavits to not provide any such evidence.

Rather, BMSI's affidavits actually further bind the Tankermen together as a similarly-situated class, because they emphasize that, as group, Tankermen are expected to actually or potentially perform a wide variety of duties that fall under the umbrella job description BMSI has promulgated for them all. Thus, BMSI's own proof bolsters the point that this case is not

---

[10] Coffin's Motion, Docket Entry No. 8, at 13-15.

purely personal to Coffin's circumstances, but rather focuses on BMSI's generally applicable policy of treating the Tankermen as a distinct group of allegedly exempt workers who perform the same or similar work under a common job description. *See, e.g., Ryan*, 497 F. Supp. 2d at 825-26 (noting that, as here, the employer's evidence did not refute the motion for conditional certification, but instead actually supported it); *see also Villarreal*, 2010 WL 4604453, at *11-12 (distinctions in job duties that are not relevant are insufficient to deny a motion for conditional certification); *Tolentino*, 716 F. Supp. 2d at 652 ("Moreover, even if the actual jobs performed by other "operators" differed in certain respects, it is not apparent that these differences would be relevant, or that the jobs are so dissimilar as to warrant denying collective action at this time. At this "fairly lenient" notice stage of the proceedings, Plaintiffs' statements suffice as evidence that other employees are "similarly situated."") (citations omitted). The fact that BMSI itself has classified the Tankermen as exempt from overtime as a group, and given them a distinct and detailed job description, bolsters this conclusion. *See, e.g., Ryan*, 497 F. Supp. 2d at 825-26 (rejecting employer's argument that the job duties within the same title were too varied to support conditional certification, largely because the employer had treated the employees as a group for pay purposes); *Foraker*, 2006 WL 2585047, at *4 (fact that employer treats employees as a distinct group supports finding that they are similarly situated for purposes of conditional certification).

BMSI's own response also demonstrates that this case is not purely personal to Coffin's circumstances, but rather focuses on BMSI's generally applicable policy of treating the Tankermen as a distinct group of allegedly exempt workers who perform the same or similar work under a common job description. *See Yaklin*, 2008 WL 1989795, at *2. For example, in footnotes 7 and 26 of its response, BMSI hints at its "seaman" status affirmative defense in this

case, and indicates that the defense is not unique to Coffin, but rather applicable to all the Tankermen. That BMSI's own response treats the Tankermen as a group for purposes of its merits-based legal defense further demonstrates that Coffin has satisfied this requirement, and that his motion for conditional certification should be granted. *See Burkholder v. City of Fort Wayne*, --- F. Supp. 2d ---, No. 1:08-CV-273, 2010 WL 4457310, at *3 (N.D. Ind., Nov. 1, 2010) (granting certification of FLSA case in part because "the City of Fort Wayne has not articulated any particularized defenses in this action, that is, their defenses would apply to all Plaintiffs, not just a particular Plaintiff.") (Ex. E).

## II.  BMSI'S 21 DAY OPT-IN GIMMICK SHOULD BE REJECTED

BMSI argues for a 21 day opt-in period.[11] This is a gimmick that would rob the putative class-members of a meaningful opportunity to opt into this case. For that reason, BMSI's argument should be rejected.

BMSI assigns its Tankermen to work either 28 days on duty and 14 days off, or 20 days on duty and 10 days off.[12] As Coffin has just explained in a second affidavit, when the Tankermen are on duty, they are on towboats, and do not receive mail.[13] BMSI knows that.[14] Thus, if the Tankermen are only given 21 days to opt-in, as BMSI suggests, there is a good chance that many of them will have little or no time to opt-in. For this reason, in this case, a 45 day opt-in period is reasonable and necessary. Indeed, federal courts in Texas routinely order longer opt-in periods. *See, e.g., Black v. Settlepou, P.C.*, Civil Action No. 3:10-CV-1418-K2011 WL 609884, at *6 (N.D. Tex. Feb. 11, 2011) (providing for a 90 day opt-in period) (Ex. G);

---

[11] BMSI's Response, Docket Entry No. 24 at 24-25.

[12] Affidavit of Keith Coffin, Docket Entry No. 8, Ex. 2 at ¶ 16.

[13] Affidavit of Keith Coffin, attached hereto as Ex. F at ¶ 2.

[14] Affidavit of Keith Coffin, attached hereto as Ex. F at ¶ 2.

*Gonzalez v. Ridgewood Landscaping, Inc.*, NO. CIV.A. H-09-2992, 2010 WL 1903602, at *8 (S.D. Tex. May 10, 2010) (ordering a four month opt-in period over defendant's objections) (Rosenthal, J) (Ex. H); *Vargas v. Richardson Trident Co.*, No. H-09-1674, 2010 WL 730155, at *11 (S.D. Tex. Feb. 22, 2010) (ordering a 60 day opt-in period) (Harmon, J.) (Ex. I); *Bernal v. Vankar Enterprises, Inc.*, NO. SA-07-CA-695-XR, 2008 WL 791963, at *4 (W.D. Tex. Mar 24, 2008) (ordering a 60 day opt-in period) (Ex. J); *Lopez v. Sam Kane Beef Processors, Inc.*, No. CC-07-335, 2008 WL 565115, at *3 (S.D. Tex. Feb. 29, 2008) (ordering a 120 day opt-in period) (Ex. K).  So, if anything, the case law from Texas indicates that the Court should order a longer opt-in period than Coffin has requested, rather than a shorter one.

### III.   CONCLUSION

Plaintiff Keith Coffin respectfully prays that the Court grant his expedited motion to certify a collective action and for all other relief to which he is justly entitled.

          Respectfully submitted,

          OBERTI SULLIVAN LLP

By:    s/ Mark J. Oberti
        Mark J. Oberti
        Texas Bar No. 00789951
        Southern District ID. No. 17918
        723 Main Street, Suite 340
        Houston, Texas 77002
        (713) 401-3555 – Telephone
        (713) 401-3547 – Facsimile

        ATTORNEY-IN-CHARGE FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing instrument was served to all counsel of record, as listed below, by CM/ECF on this the 19th day of April 2011.

Steven F. Griffith, Jr.
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170

Thomas J. "Beau" Bethune IV
General Counsel
Blessey Marine Services, Inc.
1515 River Oaks Rd. E.
Harahan, Louisiana 70123

                                                  s/ Mark J. Oberti
                                                Mark J. Oberti