IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

KEITH COFFIN, *et al.*, §
    Plaintiffs, §
§
v. §   CIVIL ACTION NO. H-11-0214
§
BLESSEY MARINE SERVICES, INC., §
    Defendant. §

## MEMORANDUM AND ORDER

This case is before the Court on "Plaintiff's Motion to Strike BMSI's Legally Invalid Waiver, Estoppel, Failure to Mitigate, and Laches Defenses and Notice Regarding BMSI's Administrative and Professional Employee Exemption Defenses" [Doc. # 20] ("Motion to Strike"), to which Defendant has responded in opposition [Doc. # 25]. Plaintiff did not file a reply and the deadline for doing so has passed. Having reviewed the record as a whole and applicable legal authorities, the Court **grants in part and denies in part** Plaintiff's Motion to Strike.

*Factual Background.*– This is a collective action suit seeking unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Plaintiffs were employed as "Tankermen" for Defendant Blessey Marine Services, Inc. ("BMSI" or "Defendant"), which operates towboats that transport barges filled with liquid cargo throughout the navigable inland waterways of the United States.

Plaintiffs allege that BMSI misclassified Plaintiffs and their fellow Tankermen as exempt under the FLSA's "seamen" exemption, 29 U.S.C. § 213(b)(6). As a result, Plaintiffs allege that Defendant deprived them all of the overtime pay to which they are entitled under the FLSA. Plaintiffs seek to represent a class under 29 U.S.C. § 216(b) on behalf of "all current and former Tankermen who were employed by BMSI during the three-year period preceding the filing of this complaint."[1]

On March 4, 2011, BMSI filed its Answer in this case [Doc. # 8], asserting various affirmative defenses. Plaintiffs now move to strike several of those defenses. Plaintiffs argue that Defendant's waiver, estoppel, failure to mitigate, and laches defenses (listed *inter alia* in Defendant's Thirteenth Affirmative Defense)[2] are legally invalid in an FLSA case. Plaintiffs also argue that Defendant's Third and Fourth Affirmative Defenses based on the administrative and professional employee exemptions to the FLSA[3] should be dismissed as meritless and "teeter on the brink of violating Rule 11."[4] Plaintiff's Motion to Strike is now ripe for decision.

---

[1]   Plaintiff's Complaint [Doc. # 1], ¶ 52.

[2]   *See* Defendant's Answer [Doc. # 19], at 3.

[3]   *See id.* at 2.

[4]   *See* Plaintiff's Motion to Strike [Doc. # 20], at 5.

*Legal Principles.–* Rule 12(f) of the Federal Rules of Civil Procedure permits the district court to strike "an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." FED. R. CIV. P. 12(f). The Court has broad discretion to determine whether the challenged matter should be stricken. *See In re Beef Indus. Antitrust Litigation*, 600 F.2d 1148, 1168-69 (5th Cir. 1979); *Berry v. Lee*, 428 F. Supp. 2d 546, 563 (N.D. Tex. 2006). "Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057-58 (5th Cir. 1982).

*Waiver, Estoppel, and Laches.–* In its Answer [Doc. # 19], Defendant asserts the affirmative defenses of waiver, estoppel, and laches, however Defendant asserts no facts and alleges no theory supporting these defenses. It is unclear whether the equitable defenses of waiver, estoppel, and laches are available under the FLSA. *See Tran v. Thai*, No. H-08-3650, 2010 WL 5232944, at *7 (S.D. Tex. Dec. 16, 2010) (Rosenthal, J.); *Ayers v. Consol. Const. Servs. of SW Fla., Inc.*, No. 2:07-CV-123, 2007 WL 4181910, at *1-2 (M.D. Fla. Nov. 26, 2006) (granting motion to strike laches and estoppel affirmative defenses because of "the general rule that an employee cannot waive her rights under the FLSA without supervision by the Secretary of Labor or the Court"); *Perez-Nunez v. North Broward Hosp. Dist.*, No. 008-61583-CIV, 2009

WL 723873, at *2 (S.D. Fla. Mar. 13, 2009) ("The doctrines of waiver, estoppel and laches are generally not applicable to FLSA claims."). Under certain circumstances, however, these defenses may be asserted. *See, e.g.*, *Brumbelow v. Quality Mills*, 462 F.2d 1324, 1327 (5th Cir. 1972) ("On the narrow facts of this case, the court correctly granted a directed verdict on the basis that the appellant was estopped and could not profit from her own wrong in furnishing false data to the employer."); *McGlothan v. Walmart Stores, Inc.*, 6:06-CV-94-ORL-28JGG, 2006 WL 1679592, at *2 (M.D. Fla. June 14, 2006) (citing *Brumbelow*, 462 F.2d at 1327) (finding that estoppel is an available affirmative defense "where the employee affirmatively misleads the employer"); *Kendrick v. Alternative Care, Inc.*, No. 06-235, 2006 WL 4756451, at *2 (M.D. Fla. Oct. 25, 2006) ("There are only two exceptions where waiver is a recognized defense [under the FLSA]: (1) an employee accepts full payment of unpaid wages, as supervised by the Secretary of Labor; and (2) an employee accepts payment under a court-approved settlement."); *Ojeda-Sanchez v. Bland Farms, LLC*, No. 608CV096, 2010 WL 3282984, at *17 (S.D. Ga. Aug. 18, 2010) ("Laches is an unavailable defense, so long as the FLSA claim is brought within the applicable statute of limitations." (citing *Holmberg v. Armbrecht*, 32 U.S. 392, 396 (1946)). Accordingly, at this early stage in the litigation, the Court cannot conclude that Defendant's affirmative defenses of waiver, estoppel, and laches are insufficient as a

matter of law. The Court concludes that Defendant should be given an opportunity to amend its Answer by **June 24, 2011**. Defendant may not plead a claim or assert a defense for which it has no good faith factual basis. *See* FED. R. CIV. P. 11(b). The parties will also be permitted to amend their pleadings further by a date to be set by the Court at the initial pretrial conference, which deadline will be after initial disclosures and some discovery.

*Failure to Mitigate Damages*.– Defendant asserts the affirmative defense of "failure to mitigate." In its Answer [Doc. # 19], Defendant asserts no facts supporting this defense and offers no theory of how Plaintiff failed to mitigate. In its Response [Doc. # 25], Defendant asserts that "Mr. Coffin's claims are barred, in whole or in part, because Mr. Coffin failed to mitigate any alleged damages."[5]

"Courts have found that as a matter of law "'there is no requirement to mitigate overtime wages under the FLSA.'" *Tran*, 2010 WL 5232944, at *7 (quoting *King v. ITT Educ. Servs., Inc.*, No. 3:09-cv-848, 2009 WL 3583881, at *3 (M.D. Fla. Oct. 27, 2009), and citing *Gonzalez v. Spears Holdings, Inc.*, No. 09-60501-CV, 2009 WL 2391233, at *3 (S.D. Fla. July 31, 2009) (granting a motion to strike mitigation-of-damages affirmative defense because there is no duty to mitigate damages under the FLSA, nor a duty to provide notice as to any alleged unlawful pay

---

[5]   *See* Response [Doc. # 25], at 10.

practice); *Lopez v. Autoserve LLC*, No. 05 C 3554, 2005 WL 3116053, at *2 (N.D. Ill. Nov. 17, 2005) (granting the plaintiff's motion to strike mitigation-of-damages affirmative defense because there is no duty to mitigate damages under the FLSA); *Perez-Nunez*, 2009 WL 723873, at *2 (granting motion to strike the mitigation-of-damages affirmative defense and holding that a duty-to-mitigate-damages defense based on the plaintiff's failure to timely disclose alleged violations to her employer so that the terms of her employment could be corrected failed as a matter of law under the FLSA)). This Court agrees with the court's conclusion in *Tran*, that "there is no duty to mitigate overtime wages under the FLSA." 2010 WL 5232944, at *7. Accordingly, Defendant's affirmative defense of failure to mitigate is stricken.

*Administrative and Professional Exemptions*.– Defendant asserts in its Answer that Plaintiff may be exempt from the FLSA as a bona fide administrative or professional employee, however Defendant asserts no facts or theory to support this defense. "The FLSA excludes from the [overtime compensation] requirement those employees working in bona fide executive, administrative, or professional capacities." *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 584 (5th Cir. 2006) (citing 29 U.S.C. § 213(a)(1)). The Department of Labor has issued regulations setting forth criteria for the applicability of these exemptions. *See* 29 C.F.R. §§ 541.200, 541.300. Although

Plaintiffs may ultimately prove correct that the facts do not support the applicability of these exemptions to the Tankermen employed by BMSI, the Court cannot conclude at this early stage that Defendant's defenses are insufficient as a matter of law. The Court concludes that Defendant should be given an opportunity to amend its Answer by **June 24, 2011**. Defendant may not plead a claim or assert a defense for which it has no good faith factual basis. *See* FED. R. CIV. P. 11(b). The parties will also be permitted to amend their pleadings further by a date to be set by the Court at the initial pretrial conference, which deadline will be after initial disclosures and some discovery.

In accordance with the foregoing, it is hereby

**ORDERED** that "Plaintiff's Motion to Strike BMSI's Legally Invalid Waiver, Estoppel, Failure to Mitigate, and Laches Defenses and Notice Regarding BMSI's Administrative and Professional Employee Exemption Defenses" [Doc. # 20] is **granted in part and denied in part.**

SIGNED at Houston, Texas, this 6th day of **June, 2011**.

_Nancy F. Atlas_
Nancy F. Atlas
United States District Judge