IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH COFFIN, on behalf of himself and others similarly situated, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:11-cv-00214 |
| V. | § § | |
| BLESSEY MARINE SERVICES, INC., | § § | |
| Defendant. | § § | |

**ADVISORY BY DEFENDANT,
<u>BLESSEY MARINE SERVICES, INC.</u>**

NOW INTO COURT, through undersigned counsel, comes defendant, Blessey Marine Services, Inc. ("Blessey Marine"), and, in response to the Advisories filed by the plaintiff yesterday, provides the Court with a full and candid disclosure of all the communications between counsel (both oral and written) regarding the Proposed Notice.

1.

On June 7, 2011, the Court held oral argument regarding the Motion to Conditionally Certify. During argument, the Court requested the parties work on a proposed Notice to Tankermen should it elect to grant the Motion to Certify.

2.

Immediately after the hearing, undersigned counsel spoke with counsel for Mr. Coffin and explained that he would be out of town and unavailable to review a Proposed

Notice on June 8 or June 9, 2011, but he would return to the office on June 10, 2011. Undersigned counsel explained that he would endeavor to get back to Mr. Coffin's counsel on Friday, June 10 or Monday, June 13, 2011.

3.

Later that day, Mr. Coffin forwarded a draft Notice to undersigned counsel for review.

4.

As discussed with counsel for Mr. Coffin, on June 10, 2011, undersigned counsel did return to the office, and the parties exchanged e-mail correspondence regarding status. Undersigned counsel advised Mr. Coffin's counsel that he would have a Proposed Notice back to Mr. Coffin on Monday, June 13, 2011.

5.

In addition, on June 10, 2011, counsel for Blessey Marine called counsel for Mr. Coffin to conduct a telephone conference regarding the substance of the Notice. In that conference, at Blessey Marine's request, Mr. Coffin agreed that a portion of the Notice regarding commencement of the Notice period for Tankermen should be changed (*i.e.*, the 45 days should run from the date of mailing, not the date of receipt by a Tankerman). Blessey Marine also stated to Mr. Coffin that the concepts in the Notice were fine, but

that it needed an opportunity to look over the Notice closer for accuracy and to explain Blessey Marine's position correctly.[1]

6.

On the morning of Monday, June 13, 2011, undersigned counsel was informed of the unexpected death of his grandfather. In response to a request from Mr. Oberti regarding status later that day, undersigned counsel advised Mr. Oberti of that development, and stated that he would attempt to get back to him on the proposed Notice on Tuesday, June 14, 2011. *See* e-mail correspondence between the parties, attached as Exhibit "1."

7.

On Tuesday, June 14, 2011, undersigned counsel worked on the Proposed Notice, but both he and his client (who was out of town) wanted one last opportunity to review the draft. Nevertheless, undersigned counsel provided Mr. Oberti with an update and committed to providing the Notice this morning.

8.

On Tuesday evening, without any prior notice to Blessey Marine, Mr. Oberti's partner filed the Advisory with the Court under Mr. Oberti's name.

---

[1] The Advisories filed by Mr. Coffin incorrectly yesterday state that there had been no feedback by Blessey Marine, and that no request for any changes had occurred.

9.

The Advisory failed to disclose all communications between the parties, failed to disclose the substantive change that the parties had already agreed to make, and made no mention of the full circumstances regarding the delay in responding. Consequently, undersigned counsel e-mailed Mr. Oberti directly inquiring as to whether he had read the document prior to its filing. Despite numerous e-mail requests, neither Mr. Oberti nor the attorney signing the pleading on his behalf has been able to confirm that fact. Given the errors within the Advisory, undersigned counsel presumes Mr. Oberti did not review it.

10.

Nevertheless, the parties have engaged in further e-mail correspondence, as attached to this Advisory, itemizing other concerns with both the Advisory and Amended Advisory. In lieu of reiterating them all in this document, should the Court be interested, they are attached hereto as Exhibit "2," *in globo*.

11.

As promised, Blessey Marine has provided to counsel for Mr. Coffin its proposed draft Notice both in a clean form and a redline version – and the parties have tentatively set to discuss this matter on Friday, June 17, 2011, at 3:00 p.m. *See* Exhibit "3."

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

BY:    *s/Steven F. Griffith, Jr.*
       STEVEN F. GRIFFITH, JR. (La. Bar 27232)
        *(Pro Hac Vice Admission)*
       201 St. Charles Ave., Suite 3600
       New Orleans, Louisiana 70170
       Telephone: (504) 566-5200
       Facsimile: (504) 636-4000
       E-mail: sgriffith@bakerdonelson.com

ATTORNEY-IN-CHARGE FOR DEFENDANT,
BLESSEY MARINE SERVICES, INC.

OF COUNSEL:

Thomas J. "Beau" Bethune IV
General Counsel
Blessey Marine Services, Inc.
1515 River Oaks Rd. E.
Harahan, Louisiana 70123
Telephone: 504) 734-2616
Facsimile: (504) 734-2903
E-mail: bbethune@blessey.com

ATTORNEY FOR DEFENDANT,
BLESSEY MARINE SERVICES, INC.

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of June, 2011, I electronically filed the foregoing with the Clerk of the Court using ECF system which sent notification of such filing to the following:

>Mark J. Oberti (mark@osattorneys.com)
>Edwin Sullivan (ed@osattorneys.com)
>ATTORNEYS FOR PLAINTIFF

and I hereby certify that I have mailed by United States Mail, postage prepaid, the document to the following non-ECF participants:

>None.

This the 15th day of June, 2011.

>*s/Steven F. Griffith, Jr.*
>STEVEN F. GRIFFITH, JR.