## Griffith, Steve

**From:** Mark Oberti [mark@osattorneys.com]
**Sent:** Monday, June 13, 2011 7:16 PM
**To:** Griffith, Steve
**Subject:** Re: What are your thoughts on the draft notice I sent you?

Steve,

I am very sorry to hear that.

Ok.

Best Regards,

Mark

Mark Oberti
Oberti Sullivan LLP
723 Main Street, Suite 340
Houston, Texas 77002
(713) 401-3556 (direct)
(713) 240-1294 (mobile)
(713) 401-3547 (facsimile)
mark@osattorneys.com
www.osattorneys.com

Board Certified in Labor & Employment Law
by the Texas Board of Legal Specialization



OBERTI/
SULLIVAN LLP

---

Any tax information or written tax advice contained herein (including any attachments) is not intended to be and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing tax practice.)

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

---

**From:** "Griffith, Steve" <sgriffith@bakerdonelson.com>
**Date:** Mon, 13 Jun 2011 17:14:54 -0700



EXHIBIT "1"

6/15/2011

**To:** Mark Oberti <mark@osattorneys.com>
**Subject:** Re: What are your thoughts on the draft notice I sent you?

Mark,

I didn't receive the below email and I had a death in the family today so I haven't been able to respond to you. I will try to do so tomorrow.

Steve


Steven F. Griffith, Jr.
Baker Donelson Bearman
   Caldwell & Berkowitz, PC

Sent from handheld,
so pardon the brevity.


On Jun 13, 2011, at 7:09 PM, "Mark Oberti" <mark@osattorneys.com> wrote:

> Steve,
>
> I am out tomorrow morning. In the afternoon. Out Wednesday and Thursday. So, please let me know asap about the proposed notice, so we can get it to Judge Atlas.
>
> Thanks,
>
> Mark
>
> Mark Oberti
> Oberti Sullivan LLP
> 723 Main Street, Suite 340
> Houston, Texas 77002
> (713) 401-3556 (direct)
> (713) 240-1294 (mobile)
> (713) 401-3547 (facsimile)
> mark@osattorneys.com
> www.osattorneys.com
>
> Board Certified in Labor & Employment Law
> by the Texas Board of Legal Specialization
>
> <54143E9D-47F8-403A-8377-CA135477E0F8[415].png>

Any tax information or written tax advice contained herein (including any attachments) is not intended to be and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing tax practice.)

The information contained in this transmission is attorney privileged and/or confidential information intended for the

use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

**From:** Mark Oberti <mark@osattorneys.com>
**Date:** Mon, 13 Jun 2011 12:49:32 -0700
**To:** "Griffith, Steve" <sgriffith@bakerdonelson.com>
**Subject:** What are your thoughts on the draft notice I sent you?

Mark Oberti
Oberti Sullivan LLP
723 Main Street, Suite 340
Houston, Texas 77002
(713) 401-3556 (direct)
(713) 240-1294 (mobile)
(713) 401-3547 (facsimile)
mark@osattorneys.com
www.osattorneys.com

Board Certified in Labor & Employment Law
by the Texas Board of Legal Specialization

<54143E9D-47F8-403A-8377-CA135477E0F8[394].png>

Any tax information or written tax advice contained herein (including any attachments) is not intended to be and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer.  (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing tax practice.)

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

Under requirements imposed by the IRS, we inform you that,
if any advice concerning one or more U.S. federal tax issues is contained
in this communication (including in any attachments and, if this communication is by email, then
in any part of the same series of emails), such advice was not intended or written by the sender or by
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC to be used, and cannot be used, for the purpose of
(1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending
to another party any transaction or tax-related matter addressed herein.

This electronic mail transmission may constitute an attorney-client communication that is privileged at law.
It is not intended for transmission to, or receipt by, any unauthorized persons.
If you have received this electronic mail transmission in error,
please delete it from your system without copying it, and notify the sender by reply e-mail,
so that our address record can be corrected.

## Griffith, Steve

| | |
|---|---|
| **From:** | Mark Oberti [mark@osattorneys.com] |
| **Sent:** | Wednesday, June 15, 2011 9:42 AM |
| **To:** | Griffith, Steve |
| **Cc:** | Ed Sullivan; 'bbethune@blessey.com'; Clark, Laurie; Williams, Laura |
| **Subject:** | Re: Coffin, et al. v. Blessey Marine, Civil Action No. 4:11cv214 |

Steve,

Yes. I said I was fine to run it from date of mailing. If that wasn't in the notice: (a) it was an oversight; (b) you should have told us last night when asked; (c) it can easily be fixed; and (d) it is such a trivial issue that it is a nonissue.

You also told me on that same call that you had no big problems with the draft notice, even when you reviewed it in february 2011. I didn't put that in the advisory because - as I told you - it wasn't my goal to try to gain any substantive advantage.

Best regards,

Mark

---

**From:** Griffith, Steve <sgriffith@bakerdonelson.com>
**To:** Mark Oberti
**Cc:** Ed Sullivan; bbethune@blessey.com <bbethune@blessey.com>; ldclark@bakerdonelson.com <ldclark@bakerdonelson.com>; lwilliams@bakerdonelson.com <lwilliams@bakerdonelson.com>
**Sent:** Wed Jun 15 06:27:12 2011
**Subject:** Re: Coffin, et al. v. Blessey Marine, Civil Action No. 4:11cv214

On Friday, did you and I discuss the language in the notice about when the 45 day period runs from? Do you deny that we agreed it should run from the date of mailing, not receipt?

Steven F. Griffith, Jr.
Baker Donelson Bearman
  Caldwell & Berkowitz, PC

Sent from handheld,
so pardon the brevity.

On Jun 15, 2011, at 7:54 AM, "Mark Oberti" <mark@osattorneys.com> wrote:

> Steve,
>
> You are wrong in many respects. You did indeed jump to many irrational and wrong conclusions. I don't have time now to detail all the errors in your email now, and I frankly don't understand many of them. I do agree that:

**EXHIBIT "2"**

1. Plaintiff agreed to a 2 year look back.

2. Plaintiff sought a 45 day opt in notice from the start, as I recall, and the judge agreed at the hearing. So, there was nothing for you to agree too.

I did not file the advisory for the improper purpose you suggest. My mind does not work that way, and I value ethics. Please do not accuse me of acting with an improper purpose steve.

Talk to you friday at 3 pm.

Best regards,

Mark

---

**From:** Griffith, Steve <sgriffith@bakerdonelson.com>
**To:** Mark Oberti; Ed Sullivan
**Cc:** bbethune@blessey.com <bbethune@blessey.com>; Clark, Laurie <ldclark@bakerdonelson.com>; Williams, Laura <lwilliams@bakerdonelson.com>
**Sent:** Wed Jun 15 05:40:29 2011
**Subject:** RE: Coffin, et al. v. Blessey Marine, Civil Action No. 4:11cv214

Mark,

As I represented to the Court last night, we will include all communications between counsel on this topic, so I will include this email chain. I will also include:

-- our discussion after the hearing last Tuesday in which I explained to you that I would be out of the office through Thursday of last week, and that it would be Friday or Monday before I could respond.

-- our discussion on Friday of last week in which we discussed the Notice, including our agreement to change the response time for Tankermen that wanted to opt-in to the case. That revision is absent from the Notice you provided the Court yesterday, but the Advisories make the misrepresentation that Blessey Marine has never requested any changes. [[ Incidentally, this issue will be raised in my filing this morning, so if you believe we did not have an agreement about changing the language of the Notice at least as to this point, please advise. ]]

-- our email correspondence from Monday regarding the death of my grandfather.

-- the email correspondence from last night which confirms that you did not review the filing before it was made under your signature.

If you wanted to file an Advisory with the Court, whether required by Local Rule, rules of professionalism, or common decency, you could have called or emailed me so that we could do it jointly. If you decided to go it alone (and your partner did), you could have simply notified the Court that our travel schedules and personal issues would delay any joint filing until later this week. If you felt additional details were necessary, you could have at least been accurate about our prior communications and included all of the communications and correspondence between the parties. But, you did not do so, and you made the filing last night which omitted several important facts, did not disclose all of our communications, and was designed to suggest that Blessey Marine was being uncooperative.

Finally, neither one of us is brand new to this process, so please reserve comments suggesting that the only intent of the filing was to inform the Court. Yes, the document was filed under cover of "informing the Court." But, you and I both know that the implication you were attempting to make was that the Court should enter the Notice as proposed by you.

6/15/2011

As for Friday, right now, I am available depending on my brother's flight arrangements. Let's set a call for Friday at 3:00 p.m., and I'll let you know if I have to move it.

If you elect to make another filing on this topic this morning, please include this email correspondence.

And, I hope that you have a great day as well.

Thanks,
Steve

---

**From:** Mark Oberti [mailto:mark@osattorneys.com]
**Sent:** Wed 6/15/2011 6:30 AM
**To:** Griffith, Steve; Ed Sullivan
**Cc:** 'bbethune@blessey.com'; Clark, Laurie; Williams, Laura
**Subject:** Re: Coffin, et al. v. Blessey Marine, Civil Action No. 4:11cv214

Steve,

Please attach this to whatever you may file or send the court in response to our amended advisory of last night. As you know, I am out of the office today, so I am on my blackberry (I don't have a laptop with me). Pardon any typos due to that.

1. Judge atlas instructed us on june 7 to get her the notice in a week or so, and I told her I would. I take that seriously, which is why I sent you the draft notice later that very same day, in hopes we'd turn it around by the end of the week, june 10 or so, and put this behind us.

2. A full week went by, and you provided no redline in response, so that we could jointly timely comply with judge atlas's instructions.

3. So, I had the advisory filed last night, because I wanted to comply with judge atlas's instructions, and honor my word to her. My goals were simply to do that. Period.

4. Apparently, you were unhappy with what was filed, but you provided no specifics when I asked you why. Notwithstanding that, I asked my partner to send you a new draft and ask you to correct anything you wanted to - as we always want to be accurate in any court filing or other representations we make to the court - or, for that matter - anyone else. You declined to make any comments, so we can only assume that - as I believe now - what we then filed is indeed accurate.

5. My goal was not to gain some substantive strategic advantage. Rather, it was to comply with the judge's instructions, and what I told her I would do.

6. I repeatedly emphasized to you last week that I was unavailable tuesday through thursday of this week, so the notice had to be done by cob monday. I wanted to be transparent and clear with you about that to avoid this exact sort of situation. You have four lawyers on this case, and this issue with the notice is not that complex. So, I frankly cannot understand why you did not meet this deadline, and even now - 8 days after the judge's instructions and my draft notice to you - you have still not sent me a redline of my draft.

7. As you know, at cob monday, I had heard nothing from you, and was worried about the looming

deadline. So, I emailed you. You said you had a death in the family, and I am indeed very sorry to hear that. Given that, I extended the deadline to tuesday. But, by cob tuesday, I still had nothing from you. Then, around 5:30, you sent the email, still with no redline, but with comments I've never heard from you before that will require us to talk about them. As you were previously told, I am out and not available to review a draft notice (and I am the only lawyer in my firm who has worked on this case in any meaningful way so far) on wednesday or thursday, or to discuss your comments those days. So, at that point, it was clear no joint notice would be sent to the court in a timely fashion, and - at best - would not be filed until friday, when I get back from el paso. Even that seems unlikely, given how slow things have moved on this, and your comments. That is when I had the advisory filed. Had I not done so, I would have left the judge to wonder why I did not comply with her instructions, or honor my word. That is not something I want anyone -especially a federal judge - wondering about.

8. I hope you can understand and appreciate why I did what I did, and not race to some irrational and wrong conclusion.

9. In an effort to get ahead of this now: are you open at 3 pm friday to discuss the notice issue and (try very hard) to resolve this issue and move forward on other things and a sunnier and happier day? Please let me know.

Have a great day.

Best regards,

Mark

---

**From:** Griffith, Steve <sgriffith@bakerdonelson.com>
**To:** Ed Sullivan
**Cc:** Mark Oberti; bbethune@blessey.com <bbethune@blessey.com>; Clark, Laurie <ldclark@bakerdonelson.com>; Williams, Laura <lwilliams@bakerdonelson.com>
**Sent:** Tue Jun 14 19:06:17 2011
**Subject:** RE: Coffin, et al. v. Blessey Marine, Civil Action No. 4:11cv214

Ed,

No need to file an Amended Advisory -- we will be filing one of our own.

I asked Mark via email whether he reviewed the document before it was filed. Does your below email mean that he did not?

Steve

---

**From:** Ed Sullivan [mailto:ed@osattorneys.com]
**Sent:** Tue 6/14/2011 8:58 PM
**To:** Griffith, Steve
**Cc:** Mark Oberti
**Subject:** Coffin, et al. v. Blessey Marine, Civil Action No. 4:11cv214

Steve,

Mark is not in town. He provided me with all of the information and exhibits and factual background. I am also on the pleadings of this case. He just forwarded me your e-mails from a few minutes ago. Our goal is to provide factually accurate statements to the Court. I

did not alter any of the e-mails provided to me, as they appeared straightforward. I did notice, however, that the original Advisory I filed included "July" as opposed to "June." In an effort to be 100% transparent, I am providing you with an attached Amended Advisory, which changes the dates and deletes some otherwise accurate but unnecessary language.

I am requesting that you read it before I file it (I am ready to file it this evening), and share with me any comments you have regarding its accuracy. I look forward to hearing from you. I can be reached on my cell (713) 446-3030. If you can't open the attachment, I am ready to send it to you via an embedded text e-mail. If I don't hear from you, I will file the Amended Advisory. Many thanks.

Edwin Sullivan
Oberti Sullivan LLP
723 Main Street, Suite 340
Houston, Texas 77002
(713) 401-3557 (direct)
(713) 446-3030 (mobile)
(713) 401-3547 (facsimile)
ed@osattorneys.com
www.linkedin.com/in/edwinsullivan
www.osattorneys.com

--Board Certified in Labor and Employment Law
By the Texas Board of Legal Specialization



Any tax information or written tax advice contained herein (including any attachments) is not intended to be and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing tax practice.)

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

Under requirements imposed by the IRS, we inform you that,
if any advice concerning one or more U.S. federal tax issues is contained
in this communication (including in any attachments and, if this communication is by email, then
in any part of the same series of emails), such advice was not intended or written by the sender or by
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC to be used, and cannot be used, for the purpose of
(1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending
to another party any transaction or tax-related matter addressed herein.

This electronic mail transmission may constitute an attorney-client communication that is privileged at law.
It is not intended for transmission to, or receipt by, any unauthorized persons.
If you have received this electronic mail transmission in error,
please delete it from your system without copying it, and notify the sender by reply e-mail,
so that our address record can be corrected.

## Griffith, Steve

| | |
|---|---|
| **From:** | Griffith, Steve |
| **Sent:** | Wednesday, June 15, 2011 9:58 AM |
| **To:** | 'Mark Oberti' |
| **Cc:** | Clark, Laurie; Williams, Laura; 'Beau Bethune' |
| **Subject:** | RE: Blessey adv. Coffin -- Proposed Notice |
| **Attachments:** | Notice -- Clean.pdf; NOLADOCS-#365429-v1-Notice_--_redlined.docx |

Mark,

As promised, attached is our revised Proposed Notice. I have attached a clean version and a redlined version.

Thanks,
Steve

Steven F. Griffith, Jr.
Shareholder
Baker Donelson Bearman Caldwell & Berkowitz, PC
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Direct: 504.566.5225
Fax: 504.636.3925
Email: sgriffith@bakerdonelson.com
www.bakerdonelson.com


Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
represents clients across the U.S. and abroad from offices in
Alabama, Georgia, Louisiana, Mississippi, Tennessee, and Washington, D.C.

---

**From:** Griffith, Steve
**Sent:** Tuesday, June 14, 2011 5:29 PM
**To:** 'Mark Oberti'
**Cc:** Clark, Laurie; Williams, Laura; 'Beau Bethune'
**Subject:** Blessey adv. Coffin -- Proposed Notice

Mark,

We have redlined proposed changes to the notice, including stylistic ones for ease of reference. We want to give it one more look tonight, and I'll send it to you in the morning. The substantive changes fall into two general categories: (1) adding language about the Tankermen's opportunities to obtain their own counsel or file their own suit, and (2) adding information about Blessey Marine's position in the case.

Thanks,
Steve

Steven F. Griffith, Jr.
Shareholder
Baker Donelson Bearman Caldwell & Berkowitz, PC
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Direct: 504.566.5225

**EXHIBIT "3"**

Fax: 504.636.3925
Email: sgriffith@bakerdonelson.com
www.bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
represents clients across the U.S. and abroad from offices in
Alabama, Georgia, Louisiana, Mississippi, Tennessee, and Washington, D.C.

# NOTICE TO TANKERMEN PRESENTLY OR FORMERLY EMPLOYED BY BLESSEY MARINE SERVICES, INC.

**If you worked as a Tankerman for Blessey Marine Services, Inc. ("BMSI") at any time from June \_\_, 2009, to the present, you are eligible to join this lawsuit seeking overtime pay.**

A former Tankerman for BMSI filed a lawsuit in Houston, Texas for unpaid overtime pay in accordance with the Fair Labor Standards Act (29 U.S.C. §216(b)). If you worked for BMSI as a Tankerman at any time during the period of June \_\_, 2009, to the present, you are eligible to join the lawsuit. If you desire to participate in the lawsuit, you may sign and return the enclosed Notice of Consent or consult with a lawyer of your own choosing. If you do not want to join the lawsuit, or if you wish to file your own lawsuit, simply do nothing.

**Why is this notice being sent?**

The United States District Court for the Southern District of Texas has ruled that all current and former Tankermen employed by BMSI from June \_\_\_, 2009, to the present should be given an opportunity to join this lawsuit. The Court expresses no view of who should win this lawsuit at this time.

**Why is there a lawsuit?**

The plaintiff in this case is a former BMSI Tankerman who claims:

1. Under the Fair Labor Standard Act, Tankermen were entitled to overtime pay for all hours worked over 40 in any work week;

2. Tankermen worked more than 40 hours in all their workweeks, but were not paid any overtime; and

3. Therefore, BMSI owes him, and its other Tankermen, for unpaid overtime pay, and for liquidated damages (*i.e.*, double the amount of overtime pay owed to them) under the Fair Labor Standards Act.

**What is the position of BMSI?**

BMSI denies all liability and believes it properly paid all Tankermen. Specifically,

1. BMSI's position, and industry practice, is that a Tankerman, assigned to a vessel as part of a marine crew, is considered a seaman and therefore not entitled to overtime;

2. Under the law, vessel-based Tankerman at BMSI can be paid a day rate that includes all compensation for each day of work;

3. Tankermen at BMSI have been paid in full all amounts owed to them under the law; and

4. BMSI acted in good faith at all times and should not be required to pay penalties to Tankermen.

**What happens if I join the lawsuit?**

If the Court finds that you should have been and were not paid overtime, the Court may award you money damages. You will also be bound by any judgment, whether it is favorable or unfavorable. While this lawsuit is proceeding, you may be required to assist your attorney, answer written questions, sit for depositions, and/or testify in court.

Under the law, if BMSI wins the case, it may be entitled to recovery of its costs from Tankermen that joined the suit.

**Notice: Federal law prohibits BMSI or any other employer from retaliating against you because you join the lawsuit.**

**What if I do not join the lawsuit?**

You can receive no recovery in this lawsuit if you do not join, but you do have the right to file your own lawsuit. You are under no obligation to join this lawsuit, and whether to join the suit is your free choice.

**How quickly must I act to join this lawsuit?**

To join this lawsuit, a signed consent form must be filed with the Court no later than **45 days** after the date this notice was mailed to you.

**How do I join this lawsuit?**

You have two options: You may select a lawyer of your choosing to represent you in this matter, or you may contact the lawyers for the plaintiff in this case:

Mark J. Oberti
OBERTI SULLIVAN LLP
723 Main St., Suite 340
Houston, Texas 77002
(713) 401-3556
(713) 401-3547 fax
mark@osattorneys.com

*Do not contact the Court about this matter. The attorneys you retain will answer your questions.*

# NOTICE TO TANKERMEN PRESENTLY OR FORMERLY EMPLOYED BY BLESSEY MARINE SERVICES, INC.

**If you worked as a Tankerman for Blessey Marine Services, Inc. ("BMSI") at any time from June \_\_\_, 2009, to the present, you are eligible to join this lawsuit seeking overtime pay.**

A former Tankerman for BMSI~~lawsuit was~~ filed a lawsuit ~~against BMSI~~ in Houston, Texas ~~on behalf of Tankermen~~ for unpaid overtime pay in accordance with the Fair Labor Standards Act (29 U.S.C. §216(b)).  If you worked for BMSI -as a Tankerman at any time during the period of June \_\_\_-, 2009, to the present, you are eligible to join the lawsuit ~~seeking unpaid overtime pay~~.  If you desire to participate in the lawsuit, you may~~must~~ sign and return the enclosed Notice of Consent or consult with a lawyer of your own choosing.  If you do not want to join the lawsuit ~~seeking unpaid overtime pay~~, or if you wish to file your own lawsuit, simply do nothing.

### Why is this notice being sent?

The ~~Honorable Nancy Atlas of the~~ United States District Court for the Southern District of Texas has ruled that all current and former Tankermen employed by BMSI from June \_\_\_, 2009, to the present should be given an opportunity to join this lawsuit.  The Court expresses no view of who should win this lawsuit at this time.

### Why is there a lawsuit?

The plaintiff in this case is a former BMSI Tankerman who claims:

1. Under the Fair Labor Standard Act, Tankermen were entitled to overtime pay for all hours worked over 40 in any work week;
2. Tankermen worked more than 40 hours in all their workweeks, but were not paid any overtime; and
3. Therefore, BMSI owes him, and its other Tankermen, for unpaid overtime pay, and for liquidated damages (*i.e.*, double the amount of overtime pay owed to them) under the Fair Labor Standards Act.

### What is the position of BMSI?

BMSI denies all liability and believes~~contends~~ it properly paid all Tankermen. Specifically,

1. BMSI's position, and industry practice, is that a Tankerman, assigned to a vessel as part of a marine crew, is considered a seaman and therefore not entitled to overtime;
2. Under the law, vessel-based Tankerman at BMSI can be paid a day rate that includes all compensation for each day of work;
3. Tankermen at BMSI have been paid in full all amounts owed to them under the law; and
4. BMSI acted in good faith at all times and should not be required to pay penalties to Tankermen.

### What happens if I join the lawsuit?

If the Court finds that you should have been and were not paid overtime, the Court may award you money damages.  You will also be bound by any judgment, whether it is favorable or unfavorable.  While this lawsuit is proceeding, you may be required to assist your attorney, answer written questions, sit for depositions, and/or testify in court.

Under the law, if BMSI wins the case, it may be entitled to recovery of its costs from Tankermen that joined the suit.

**Notice:  Federal law prohibits BMSI or any other employer from retaliating against you because you join the lawsuit.**

### What if I do not join the lawsuit?

You can receive no recovery in this lawsuit if you do not join, but you do have the right to file your own lawsuit.  ~~However, y~~You are under no obligation to join this lawsuit, and ~~.  W~~whether to join the suit is your free choice.

### How quickly must I act to join thise lawsuit?

To join ~~the~~ this lawsuit, a~~the~~ signed consent form must be filed with the Court no later than **45 days** after the date this notice was mailed to you~~receiving this notice~~.

### How do I join thise lawsuit?

You have two options:  ~~You must complete the enclosed consent form and return it by mail, fax, or email.  Do not contact the Court about this matter.  The attorneys you retain will answer your questions.  Please note:  you are not a member of the lawsuit until you return the enclosed consent form and the form is filed with the Court by the attorneys.~~ You may select a lawyer of your choosing to represent you in this

matter, or you may contact the lawyers for the plaintiff in this case:

> Mark J. Oberti
> OBERTI SULLIVAN LLP
> 723 Main St., Suite 340
> Houston, Texas 77002
> (713) 401-3556
> (713) 401-3547 fax
> mark@osattorneys.com

~~For more information, you may call Mr. Oberti at (713) 401-3556, or email him at:~~ *Do not contact the Court about this matter. The attorneys you retain will answer your questions.*