IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KEITH COFFIN, *et al.*, § | |
| Plaintiffs, § | |
| § | |
| v.  § | CIVIL ACTION NO. H-11-0214 |
| § | |
| BLESSEY MARINE SERVICES, INC., § | |
| Defendant. § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on Plaintiffs' Verified Expedited Motion to Continue Their Deadline to Respond to Defendant's Motion for Summary Judgment [Doc. # 47] ("Motion to Continue"), to which Defendant has responded [Doc. # 48] and Plaintiffs have replied [Doc. # 49]. Having reviewed the record as a whole and applicable legal authorities, the Court **grants in part** Plaintiffs' Motion to Continue.

This is a collective action suit seeking unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Plaintiffs were employed as "Tankermen" for Defendant Blessey Marine Services, Inc. ("BMSI" or "Defendant"), which operates towboats that transport barges filled with liquid cargo throughout the navigable inland waterways of the United States.

Plaintiffs allege that BMSI misclassified Plaintiffs and their fellow Tankermen as exempt under the FLSA's "seamen" exemption, 29 U.S.C. § 213(b)(6). As a result,

Plaintiffs allege that Defendants deprived them all of the overtime pay to which they are entitled under the FLSA. Plaintiffs seek to represent a class under 29 U.S.C. § 216(b) on behalf of "all current and former Tankermen who were employed by BMSI during the three-year period preceding the filing of this complaint."[1]

On February 14, 2011, Plaintiffs filed an Expedited Motion to Conditionally Certify a Collective Action and to Issue Notice [Doc. # 8] ("Motion to Certify"). On March 2, 2011, Defendant filed a Motion to Continue [Doc. # 15], seeking a six-month continuance on Plaintiffs' Motion to Certify, in order to conduct discovery on Plaintiffs' claims before the Court rules on Plaintiffs' Motion to Certify. The Court denied Defendant's Motion to Continue by Order dated March 23, 2011 [Doc. # 21] on the grounds that discovery on the ultimate merits of the suit was separate from and irrelevant to the question of whether an FLSA collective action should be certified. On June 7, 2011, the Court heard oral argument on Plaintiffs' Motion to Certify and set another pretrial conference for August 23, 2011, at which point the Court would set a scheduling order in this case.

On July 1, 2011, Defendant filed a Motion for Summary Judgment [Doc. # 45], seeking to dismiss Plaintiff Coffin's FLSA claim because he was employed as an

---

[1] Plaintiff's Complaint [Doc. # 1], ¶ 52.

exempt "seaman."[2] Plaintiffs have now filed a Motion to Continue [Doc. # 47], seeking extension of Plaintiffs' deadline to respond to Defendant's Motion for Summary Judgment until after the deadline for dispositive motion that the Court sets in the scheduling order for this case. Plaintiffs' Motion to Continue has been fully briefed and is now ripe for decision.

In their Motion to Continue [Doc. # 47], Plaintiffs seek relief under Federal Rule of Civil Procedure 56(f) (now Rule 56(d) under the 2010 amendments to the Federal Rules of Civil Procedure). Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or;
>
> (3) issue any other appropriate order.

The Committee on Civil Rules in its Advisory Notes states that Rule 56(d) "carries forward without substantial change to the provisions of former subdivision (f)." FED. R. CIV. P. 56(d), Advisory Committee's Note.

---

[2] The Court notes that although Defendant seeks dismissal of this case, Defendant did not address opt-in Plaintiff Eric Jones anywhere in its Motion for Summary Judgment.

Under Rule 56(d)(2), the Court may grant a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken, if the party opposing a motion for summary judgment shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition. This Rule is "designed to safeguard against a premature or improvident grant of summary judgment." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990). Motions for a continuance under Rule 56(d) are "generally favored, and should be liberally granted." *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 534 (5th Cir. 1999) (discussing standard under Rule 56(f) (citing *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991))).

To justify a continuance, the Rule 56(d) motion must demonstrate (1) why the movant needs additional discovery, and (2) how the additional discovery will likely create a genuine issue of material fact. *See Stearns Airport Equip.*, 170 F.3d at 534-35 (discussing standard under Rule 56(f)) (citing *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993)). In that regard, the movant "must be able to demonstrate how postponement and additional discovery will allow him to defeat summary judgment; it is not enough to 'rely on vague assertions that discovery will produce needed, but unspecified, facts.'" *Stearns Airport Equip.*, 170 F.3d at 535 (quoting *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) (citation

omitted)). If the party has not diligently pursued discovery, however, he is not entitled to relief under Rule 56(d). *See Leatherman v. Tarrant Cnty Narcotics Intelligence & Coordination Unit*, 28 F.3d 1388, 1397 (5th Cir. 1994) (discussing standard under Rule 56(f)).

Defendant argues it is entitled to summary judgment that Plaintiff Coffin is an "exempt" seaman essentially based on Defendant's unilateral review of its "Captains Logs." Defendant concludes that Plaintiff Coffin spent only 13% of his working time performing non-seaman's duties. Defendant argues the 13% figure is dispositive because a Department of Labor regulation provides that an employee is not to be considered a seaman if he spends more than 20% of the time worked during the typical workweek engaged in non-seaman's work. *See* 29 C.F.R. § 783.37. Defendant relies on the Declaration of Dustyn Grenon ("Grenon"), a BMSI managerial employee, who states that he performed the analysis. Grenon has not yet been deposed.

Plaintiffs have met their burden to show that a continuance is warranted under Rule 56(d).[3] Plaintiffs explain why there is reason to doubt the accuracy of Grenon's

---

[3] Defendant argues that Plaintiffs' Motion to Continue, which was verified by a notary public, does not meet Rule 56(d)'s "affidavit or declaration" requirement. This hyper-technical argument is rejected. Requests for this kind of relief are frequently permissibly styled as motions to continue. *See, e.g.*, *Fennel v. Quintela*, 393 F. App'x 150, 155 (5th Cir. Aug. 25, 2010) (finding District Court's denial of Plaintiff's Rule (continued...)

analysis and his 13% figure. Plaintiffs wish to depose Grenon and seek production of pertinent documents, such as Declarations of Inspection, which Plaintiffs argue are relevant to determining the percentage of time Coffin spent engaged in non-seaman's work. Plaintiffs also seek discovery on topics such as "Grenon's bias, the existence of any other nonseaman's tasks Coffin may have performed, the way in which Grenon credited Coffin's time as either being related to cargo transfers, or not related to cargo transfers, the appropriateness of the Captain's Logs as the sole basis for determining what Coffin was doing at any time, the accuracy of the Captain's Logs, and other information related to Grenon's analysis." *See* Plaintiffs' Motion to Continue [Doc. # 47], at 12. Plaintiffs' discovery requests are, by and large, reasonable. Plaintiffs note that they may choose to hire their own expert to conduct a similar analysis of the "Captains Logs." Plaintiffs have ample right to question the accuracy of Grenon's analysis through discovery. The discovery Plaintiff seeks is clearly relevant and may give rise to fact issues as to the percentage of time Plaintiff Coffin performed non-seaman's work and, ultimately, whether Plaintiff is exempt under the FLSA as a "seaman."

---

[3]  (...continued)
56(f) motion for continuance was an abuse of discretion).

Moreover, Plaintiffs' have not failed to diligently pursue discovery. The Court has not yet set a scheduling order in this case. Plaintiffs have been waiting to conduct discovery until the Court rules on their pending Motion to Certify, class notice is issued, and all opt-in Plaintiffs have been identified. Plaintiffs' plan recognizes the Court's interest in efficient case management and does not demonstrate a lack of diligence. It is noted that Defendant has objected to all Plaintiffs' written discovery requests on Tankermen other than Plaintiff Coffin, including the opt-in Plaintiff Eric Jones. Moreover, Defendant only revealed the results of Grenon's analysis on July 1, 2011, the same day Defendant filed its Motion for Summary Judgment. Defendant also admitted that Grenon had not completed his analysis until the previous day, June 30, 2011. *See* Letter to the Court dated July 1, 2011 [Doc. # 46]. Plaintiff therefore obviously could not have deposed Grenon meaningfully on his analysis until the day Defendant filed its Motion for Summary Judgment. Defendant's offer on July 5, 2011, to make its personnel available to Plaintiffs for deposition is an inadequate substitute for a reasonable time for discovery.

The Court concludes that Defendant's Motion for Summary Judgment is premature and Plaintiffs are entitled to a continuance under Rule 56(d). Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion to Continue [Doc. # 47] is **GRANTED in part**.  It is further

**ORDERED** that Defendant's Motion for Summary Judgment is **DENIED without prejudice** to refiling at a later date to be determined by the Court at the pretrial conference currently scheduled for August 23, 2011.  It is further

**ORDERED** that in the interests of judicial economy, the parties are precluded from filing any further motions until the Court has ruled on Plaintiffs' Motion to Certify [Doc. # 8].

SIGNED at Houston, Texas, this **18th** day of **July, 2011**.

_____
Nancy F. Atlas
United States District Judge