IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH COFFIN, *et al.*, § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-11-0214 |
| § | | |
| BLESSEY MARINE SERVICES, INC., § | | |
| Defendant. § | | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the "Motion to Conditionally Certify a Collective Class and to Issue Notice [Doc. # 8] ("Motion to Certify") filed by Plaintiffs Keith Coffin and Eric Jones[1] to which Defendant Blessey Marine Services, Inc. ("BMSI") filed a Response [Doc. # 24], and Plaintiffs filed a Reply [Doc. # 26]. BMSI has also filed a Supplemental Response in Opposition [Doc. # 33], and Plaintiffs have filed a Supplemental Reply [Doc. # 35]. The Court heard oral argument on these motions on June 7, 2011 [Doc. # 39]. Having reviewed the full record and applied governing legal authorities, the Court **grants** Plaintiffs' Motion to Certify.

---

[1]   The lawsuit was filed by Plaintiff Coffin. On January 18, 2011, Plaintiff Eric Jones filed a "Notice of Consent" [Doc. # 2] joining the lawsuit as a party plaintiff.

## I.     BACKGROUND

This is a proposed collective action suit seeking unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*  Plaintiffs were employed as "Tankermen" for Defendant Blessey Marine Services, Inc. ("BMSI" or "Defendant"), which operates towboats that transport barges filled with liquid cargo throughout the navigable inland waterways of the United States.

Plaintiffs allege that BMSI misclassified Plaintiffs and their fellow Tankermen as exempt under the FLSA's "seamen" exemption, 29 U.S.C. § 213(b)(6).  As a result, Plaintiffs allege that Defendant deprived them all of the overtime pay they are entitled to under the FLSA.  Plaintiffs seek to represent a class under 29 U.S.C. § 216(b) on behalf of all current and former Tankermen who were employed by BMSI during the two-year period preceding the filing of this complaint.

On February 14, 2011, Plaintiffs filed an Expedited Motion to Conditionally Certify a Collective Action and to Issue Notice [Doc. # 8] ("Motion to Certify"), which has been fully briefed and is ripe for decision.[2]

## II.    CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION

When considering whether to certify a lawsuit under the FLSA as a collective action, the Court uses a "two-step *ad hoc* approach" in which the Court first

---

[2]     The Court's decision was delayed by intermediate motions filed by the parties.

determines whether to issue notice to potential members. *See McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 800 (S.D. Tex. 2010) (Rosenthal, J.). At the first stage, the "notice stage," the Court decides whether to issue notice to potential class members. *Id.* at 801. The second stage occurs when discovery is largely complete and the defendant moves to "decertify" the conditionally certified class. *Id.* at 802. "Neither stage of certification is an opportunity for the court to assess the merits of the claim by deciding factual disputes or making credibility determinations." *Id.*

At the notice stage, the Court's decision is generally based on the pleadings, affidavits and other limited evidence.[3] *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995); *McKnight*, 756 F. Supp. 2d at 801. "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class" that provides potential class members with notice and the opportunity to opt in. *McKnight*, 756 F. Supp. 2d at 801 (quoting *Mooney*, 54 F.3d at 1214 n.8). Certification is not always appropriate, however, and requires "substantial allegations that potential members 'were together the victims of a single decision, policy, or plan.'" *Id.* (quoting *Mooney*,

---

[3] In support of the Motion to Certify, Plaintiffs submitted two affidavits of Plaintiff Coffin. BMSI filed a Motion to Strike or in the Alternative Notice of Objection [Doc. # 37] regarding various portions of Plaintiffs' affidavits. The Court has not relied on any statements to which BMSI objected. Accordingly, BMSI's Motion to Strike [Doc. # 37] is **denied as moot**.

54 F.3d at 1214 n.8). Indeed, a named plaintiff must "make a minimal showing that: (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *Id.* This requires a factual basis for the plaintiff's allegations. *Id.* Certification should be denied "if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice." *Id.* (quoting *England v. New Century Fin. Corp.,* 370 F. Supp. 2d 504, 507 (M.D. La. 2005)).

The FLSA requires employers to pay overtime compensation to employees who work more than forty (40) hours per regular workweek. 29 U.S.C. § 207; *see also Cowart v. Ingalls Shipbuilding, Inc.*, 213 F.3d 261, 264 (5th Cir. 2000). An exception to this requirement exists for "any employee employed as a seaman." 29 U.S.C. § 213(b)(6). The FLSA does not define "seaman," but Department of Labor regulations apply the exemption if the employee

> performs, as master or subject to the authority, direction, and control of the master aboard a vessel, service which is rendered primarily as an aid in the operation of such vessel as a means of transportation, provided he performs no substantial amount of work of a different character.

29 C.F.R. § 783.31.  "Whether an employee is 'employed as a seaman', within the meaning of the Act, depends upon the character of the work he actually performed . . . ."  *Id.* § 783.33.  The regulations further provide that

> [A]n employee will be regarded as "employed as a seaman" if his work as a whole meets the test stated in § 783.31, even though during the workweek he performs some work of a nature other than that which characterizes the service of a seaman, if such nonseaman's work is not substantial in amount. For enforcement purposes, the Administrator's position is that such differing work is "substantial" if it occupies more than 20 percent of the time worked by the employee during the workweek.

*Id.* § 783.37; *see also Owens v. Sea River Maritime, Inc.*, 272 F.3d 698, 703 (5th Cir. 2001) ("Under the law of this Circuit, if Owens performed a substantial amount of nonseaman's work, then he cannot properly be considered a seaman for purposes of the maximum hour provisions of the FLSA.").[4]  "Workers who are primarily concerned with loading and unloading cargo are not, generally speaking, seamen within the meaning of the FLSA."  *Owens*, 272 F.3d at 704 (citing 29 C.F.R. § 783.31).

---

[4] The Fifth Circuit has noted its reluctance "to apply the twenty percent rule in a strict, mechanical fashion."  *Owens*, 272 F.3d at 702 n.5.  "Rather than focus on a week by week analysis, the determining factors should be the general nature of work the employee most often performs in his particular position and the primary purpose of the position the employee occupies."  *Id.* (citing *Chandris, Inc. v. Latsis*, 515 U.S. 347, 370-72 (1995)).

BMSI argues that the lenient notice stage no longer applies in this case because "substantial discovery has taken place."[5] The Court is not persuaded. "The fact that some discovery has been conducted does not increase the plaintiffs' burden at this first, conditional certification stage to the more onerous standard that applies at the second, decertification stage." *McKnight*, 756 F. Supp. 2d at 802. "That standard is only appropriate 'after discovery is largely complete and the matter is ready for trial.'" Here, BMSI has deposed Plaintiff Coffin and states that it expected to complete fact discovery on Plaintiff Coffin's claims by June 30, 2011. Additionally, Defendant states that there are no outstanding written discovery requests nor motions to compel pending from Plaintiffs.[6] While technically true, in fact, Plaintiffs have understandably decided to wait on discovery. BMSI objected to all Plaintiffs' discovery requests related to other Tankermen and only permitted Plaintiffs to take discovery on Plaintiff Coffin; BMSI even refused to answer discovery on the opt-in claimant, Eric Jones.[7] There remains significant additional discovery to be completed with respect to Tankermen other than Plaintiff Coffin. The Court has not yet entered

---

[5] BMSI's Supplemental Opposition [Doc. # 33] ("BMSI Supp. Opp."), at 7.

[6] *See id.* at 8.

[7] *See* Plaintiffs' Response to BMSI's Supplemental Opposition [Doc. # 35], at 5-6.

a scheduling order setting a deadline for the parties to complete discovery. The status of discovery is not probative in this case on applicability of the notice stage standard.

In regard to the notice stage class certification standard, Plaintiffs have presented an adequate factual basis for conditional certification of a FLSA collective action. Plaintiffs have presented some evidence that BMSI Tankermen consistently worked at least 84 hours per week when they were on duty.[8] BMSI's job description for Tankermen corroborates Plaintiffs' representations on this point.[9] Plaintiffs further state that BMSI Tankermen were consistently compensated by a day rate without any overtime pay under the FLSA.[10] BMSI has not contested this evidence. Plaintiffs' theory is that BMSI had a consistent policy of misclassifying all Tankermen as exempt under the FLSA's "seamen" exemption, 29 U.S.C. § 213(b)(6),[11] and Plaintiffs have established a reasonable basis that aggrieved individuals in fact exist.

---

[8]  *See* Affidavit of Keith Coffin [Doc. # 8-1], ¶ 16; Complaint [Doc. # 1], ¶ 3.

[9]  *See* Job Description, Exh. 2-A to Plaintiff's Motion to Certify [Doc. # 8-1], at 9 ("The Tankerman must be able to work a rotating six hours on and six hours off watch schedule . . . . The Tankerman must be able to work on the boat with a schedule based on a ratio of 2 to 1 (i.e. 20 days on, 10 days off, or 28 days on, 14 days off.").

[10]  *See* Affidavit of Keith Coffin [Doc. # 8-1], ¶ 16; Complaint [Doc. # 1], ¶ 3.

[11]  *See* Affidavit of Keith Coffin [Doc. # 8-1], ¶ 19 ("My understanding from BMSI was that BMSI believed all the Tankermen were exempt from overtime pay requirements because they were seamen."); Complaint [Doc. # 1], ¶ 4.

Moreover, there is a reasonable basis to conclude that BMSI Tankermen are similarly situated to Plaintiffs in terms of job duties and pay policies to support conditional certification. Although BMSI's witnesses make conclusory assertions that Tankermen's duties vary from one towboat to another, the written policies belie this contention and BMSI has presented few meaningful details to support this self-serving generalization, or to establish that the variations are material.[12] BMSI's witnesses do not provide facts (or even state) that other Tankermen's work is substantially different from Plaintiff Coffin's work in any legally relevant way. Rather, BMSI's witnesses emphasize that, as a group, Tankermen are expected to perform a wide variety of tasks, which fall under the umbrella job description BMSI has promulgated for all Tankermen.[13] BMSI's witnesses also do not refute Plaintiffs' allegations that all Tankermen are classified as exempt from overtime as a group.

Plaintiffs' claim is that Tankermen routinely worked in excess of forty hours per week and did not receive any overtime pay. Plaintiffs' claim is that BMSI's practice or policy of failing to pay overtime affected the proposed class members in exactly the same way as the policy affected the named Plaintiffs. Plaintiffs allege that BMSI's failure to pay overtime compensation as required by the FLSA derived from

---

[12] *See* Declaration of Dustyn Grenon [Doc. # 24-1], ¶¶ 10-15; Declaration of Andrew J. Norval [Doc. # 24-2], ¶¶ 9-15.

[13] *See* Job Description, Exh. 2-A to Plaintiff's Motion to Certify [Doc. # 8-1], at 9-18.

a policy or practice applicable to a distinct category of worker. Plaintiffs sue over a pay policy generally applicable to all workers to whom Plaintiffs propose to send notice. Plaintiffs have met the lenient standard for notice and conditional certification in a FLSA case by showing that individuals who held positions as Tankermen are similarly situated to Plaintiffs in terms of job duties and BMSI's pay policies.

BMSI argues that a collective action should not be certified because Plaintiffs have failed to show that other class members are interested in joining the suit. This contention is unpersuasive. One other BMSI Tankerman, Eric Jones, has already opted into this suit and, as Plaintiffs' counsel noted at oral argument, there is no evidence that any BMSI Tankerman other than opt-in Plaintiff Jones has knowledge of this suit.[14] BMSI Tankermen did not report to an office, where they would get to know each other. Instead, they traveled aboard towboats throughout the navigable inland waterways of the United States. "In cases arising out of such work conditions, the requirement to show other interested individuals before notice is issued creates a 'chicken and egg' problem." *Gibson v. NCRC, Inc.*, H-10-1409, 2011 WL 2837506, at *7 (S.D. Tex. July 18, 2011) (Rosenthal, J.). "Many courts confronted with such a record do not require a plaintiff to show that other class members are interested in joining the litigation." *Id.* (citing *Amendola v. Bristol–Myers Squibb Co.*, 558 F.

---

[14]   *See* Transcript [Doc. # 53], at 26-27.

Supp. 2d 459, 466 (S.D.N.Y. 2008) ("FLSA plaintiffs are not required to show that putative members of the collective action are interested in the lawsuit in order to obtain authorization for notice of the collective action to be sent to potential plaintiffs."), and *Neary v. Metro. Prop. & Cas. Ins. Co.*, 517 F. Supp. 2d 606, 622 & n. 7 (D. Conn. 2007)). In light of what the present record reveals about the circumstances of Plaintiffs' employment, it is inappropriate to require a strong showing that other similarly situated plaintiffs are interested in joining the litigation before conditionally certifying a collective action and issuing notice. In this circumstance, such a requirement would require attorneys to solicit clients, a questionable ethical act that courts should not require or encourage. The Court concludes that Plaintiffs have met the burden at this stage to show others' interest in opting into this case, in light of Plaintiffs' working conditions. Plaintiffs accordingly have met their burden at this stage to show conditional certification of a collective action and the issuance of notice is warranted in this case.

### III.    OPT-IN PERIOD & FORM OF NOTICE

Having concluded that conditional certification and issuance of notice is warranted, the Court must now turn to the parties' disagreements regarding the appropriate opt-in period and form of notice. Plaintiffs requested a forty-five day period for potential plaintiffs to opt into this suit. BMSI has requested a twenty-one

day opt-in period.[15] BMSI assigns its Tankermen to work either 28 days on duty and 14 days off, or 20 days on duty and 10 days off. When Tankermen are on duty, they are on towboats and cannot receive mail.[16] A 21-day opt-in period thus could deprive currently employed, on-duty Tankermen, with a meaningful opportunity to opt-in. Where appropriate, courts grant longer opt-in periods. *See, e.g.*, *Gonzalez v. Ridgewood Landscaping, Inc.*, Civil Action No. H-09-2992, 2010 WL 1903602, at *8 (S.D. Tex. May 10, 2010) (Rosenthal, J.). BMSI has not shown it will be prejudiced by a 45-day opt-in period. As such the Court concludes that potential plaintiffs should have 45 days to opt into this collective action. The 45-day opt-in period will begin two weeks from issuance of this Order to give sufficient time to gather a mailing list and send notice. Defendants must cooperate in this effort.

At the status conference on June 7, 2011, the Court ordered the parties to meet and confer regarding a proposed Court-Approved Notice and Consent to be sent to current and former BMSI Tankermen in the event that the Court grants Motion to Certify. The parties submitted an agreed Notice of Consent [Doc. # 50-1], and reached agreement on virtually all portions of a Court-Approved Notice. *See* Docs. # 50-2, # 50-3. The only point of disagreement is as follows. Plaintiffs requests the

---

[15] *See* BMSI's Response [Doc. # 24], at 24-25.

[16] *See* Affidavit of Keith Coffin, Exh. F to Plaintiffs Reply [Doc. # 26-2], ¶ 2.

inclusion of the following sentence in the Notice: "Absent extraordinary circumstance, you will *not* have to pay the lawyers, win or lose."[17] BMSI requests that that the following sentence be added to Plaintiffs' proposed language: "However, if Blessey Marine wins the case, it may be entitled to recover its costs in defending the action against those person who joined it."[18] BMSI argues that its language more accurately informs the Tankermen of the risks of joining this suit. Plaintiffs object that BMSI's additional language is likely to chill participation in this suit. In the alternative, BMSI proposes eliminating both sentences. The Court concludes that eliminating both sentences is appropriate. The parties are ordered to send a form of notice that complies with this ruling.

## IV.    CONCLUSION AND ORDER

Plaintiffs have met their burden to show that members of the proposed group of recipients for notice of this collective action are sufficiently similarly situated. Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion to Certify [Doc. # 8] is **GRANTED**. It is therefore

---

[17]    Plaintiffs' Proposed Notice [Doc. # 50-2].

[18]    BMSI's Proposed Notice [Doc. # 50-3].

**ORDERED** that the Court will conditionally certify this case as a collective action. Plaintiffs are authorized to send a notice explaining the existence of this case and "opt-in" procedures to all current and former Tankermen who were employed by BMSI during the preceding two years. It is further

**ORDERED** that Plaintiffs shall send notice on or about **August 11, 2011.** The opt-in period will expire on **September 25, 2011.** It is further

**ORDERED** that the pretrial conference currently scheduled for August 23, 2011, is **RESET** until **October 3, 2011, at 2:00 p.m.**

SIGNED at Houston, Texas, this **28th** day of **July, 2011**.

_____
Nancy F. Atlas
United States District Judge