Wednesday, August 17, 2011 3:35:25 PM CT

**Subject:** Re: Coffin
**Date:** Friday, July 29, 2011 4:22:14 PM CT
**From:** Mark Oberti
**To:** Griffith, Steve
**CC:** Williams, Laura, Beau Bethune

Steve,

See attached letter.

Some Defendants don't know the rules.

I don't know if BMSI knows them or not, so I am sending this just to be safe.

Have a nice weekend.

Mark

Mark Oberti
Oberti Sullivan LLP
723 Main Street, Suite 340
Houston, Texas 77002
(713) 401-3556 (direct)
(713) 240-1294 (mobile)
(713) 401-3547 (facsimile)
mark@osattorneys.com
www.osattorneys.com

Board Certified in Labor & Employment Law
by the Texas Board of Legal Specialization



OBERTI/
SULLIVAN LLP

Any tax information or written tax advice contained herein (including any attachments) is not intended to be and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing tax practice.)

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

From: "Griffith, Steve" <sgriffith@bakerdonelson.com>



EXHIBIT 1

**Date:** Fri, 29 Jul 2011 09:48:02 -0700
**To:** Mark Oberti <mark@osattorneys.com>
**Cc:** "Williams, Laura" <lwilliams@bakerdonelson.com>, Beau Bethune <bbethune@blessey.com>
**Subject:** Re: Coffin

Mark,

I am also out today, and I happen to know that Blessey's GC is out until Tuesday. I'll reach out to you early next week. We should be able to have you something that you can run mailing labels from, but I will check.

Thanks,
Steve


Steven F. Griffith, Jr.
Baker Donelson Bearman
   Caldwell & Berkowitz, PC

Sent from handheld,
so pardon the brevity.


On Jul 28, 2011, at 2:27 PM, "Mark Oberti" <mark@osattorneys.com> wrote:

> Steve,
>
> A mailing list sent to me in in excel format with the information requested in the motion (except limited to the 2 years now in play, rather than the 3 originally requested) and proposed order would work best. That way, maybe I can figure out how to run off labels and save my folks some time.
>
> I am out tomorrow, but back Monday.
>
> Thanks,
>
> Mark
>
> Mark Oberti
> Oberti Sullivan LLP
> 723 Main Street, Suite 340
> Houston, Texas 77002
> (713) 401-3556 (direct)
> (713) 240-1294 (mobile)
> (713) 401-3547 (facsimile)
> mark@osattorneys.com
> www.osattorneys.com
>
> Board Certified in Labor & Employment Law

by the Texas Board of Legal Specialization

<54143E9D-47F8-403A-8377-CA135477E0F8[30].png>

---

Any tax information or written tax advice contained herein (including any attachments) is not intended to be and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing tax practice.)

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

---

Under requirements imposed by the IRS, we inform you that,
if any advice concerning one or more U.S. federal tax issues is contained
in this communication (including in any attachments and, if this communication is by email, then
in any part of the same series of emails), such advice was not intended or written by the sender or by
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC to be used, and cannot be used, for the purpose of
(1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending
to another party any transaction or tax-related matter addressed herein.

This electronic mail transmission may constitute an attorney-client communication that is privileged at law.
It is not intended for transmission to, or receipt by, any unauthorized persons.
If you have received this electronic mail transmission in error,
please delete it from your system without copying it, and notify the sender by reply e-mail,
so that our address record can be corrected.



OBERTI/
SULLIVAN LLP

Mark J. Oberti
723 Main Street
Suite 340
Houston, Texas 77002
(713) 401-3556 (tel.)
(713) 401-3547 (fax)
mark@osattorneys.com

July 29, 2011

**VIA E-MAIL**

Steven G. Griffith, Jr.
Baker Donelson Bearman Caldwell
 & Berkowitz, PC
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170

Re: Civil Action No. 4:11-cv-00214; *Keith Coffin, on behalf of himself and others similarly situated v. Blessey Marine Services, Inc.*, in the United States District Court for the Southern District of Texas, Houston Division

Dear Mr. Griffith:

Thanks for your e-mail earlier today.

Now that the Court has conditionally certified this case, please have Defendant respond to the non-Keith Coffin specific requests in Plaintiff's First Set of Interrogatories and First Request for Production of Documents to Defendant Blessey Marine Services, Inc. Please also provide a verification to Defendant's interrogatory answers. *See Saria v. Massachusetts Mut. Life Ins. Co.*, 228 F.R.D. 536, 539 (D. W. Va. 2005) (noting importance of verification requirement).

In addition, in light of the Court's ruling on certification, please instruct Defendant and Defendant's managers and executives, that they are to do nothing to interfere with the putative Plaintiffs' completely free choice to decide whether or not to opt into this lawsuit. If we learn of any improper communication or conduct designed to deter or dissuade any of the putative Plaintiffs from opting into this case, appropriate action will be taken.

For example, in *Belt v. Emcare, Inc.*, 299 F. Supp. 2d 664, 667-68 (E.D. Tex. 2003) the employer misrepresented facts about the pending FLSA lawsuit, misrepresented the damages available in the lawsuit, and threatened the job security of the putative plaintiffs. *Id.* at 666-67. As a result, the district court judge enjoined the defendant from *ex-parte* communications with putative collective action members, ordered that a corrective notice be sent, sanctioned the defendant to pay all costs associated with the motion, and granted the putative plaintiffs 30 extra days to opt-in. *Id.* at 669-670.

Sincerely,

Mark J. Oberti



BAKER
DONELSON
BEARMAN, CALDWELL
& BERKOWITZ, PC

201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUISIANA 70170
PHONE: 504.566.5200
FACSIMILE: 504.636.4000

www.bakerdonelson.com

STEVEN F. GRIFFITH, JR.
Direct Dial: (504) 566-5225
E-Mail Address: sgriffith@bakerdonelson.com

August 9, 2011

Aaron Baker
6349 Redeagle Creek
Ft. Worth, Texas  76179

    Re:   *Coffin v. Blessey Marine Services, Inc.*
           <u>U.S.D.C., S.D. of Texas, Houston Division, No. 4:11-cv-00214</u>

Dear Mr. Baker:

    I am an attorney working for Blessey Marine Services, Inc. and defending the lawsuit noted above. I write to tell you about the lawsuit's existence, explain what it is about, and to assure you that it will not affect your job at Blessey Marine.

    Earlier this year, a former Tankerman from Blessey Marine filed a lawsuit alleging he is entitled to additional compensation for past work done for Blessey Marine. The plaintiff's position is that Tankermen at Blessey Marine are not seamen and, therefore, are entitled to overtime compensation for hours worked over forty in a week. Blessey Marine believes that a vessel-based Tankerman, assigned to a marine crew, qualifies as a seaman and may be paid a day rate for all work performed. The lawsuit is in its early stages, and the merits have not been addressed by the Court.

    The lawsuit is about pay that you have already received, and pay that you are receiving now if you are currently employed by Blessey Marine. Blessey Marine's method of pay is the same as other companies in this industry, and we believe that its payroll practices are in strict compliance with the law; therefore, it does not anticipate changing your method of pay. In the future, if the Court determines that Blessey Marine must pay Tankermen on an hourly basis, Blessey Marine will calculate an hourly rate for you that will be equivalent to what you are being paid now on a day rate. In other words, your future pay will not change much, if at all, based on the lawsuit.

    The Court is allowing the plaintiff's lawyer to send you a notice about the lawsuit and give you an opportunity to join it. The decision to join the lawsuit is yours, and yours alone. <u>Blessey Marine will not retaliate against you in any way based on your decision.</u> Your superiors **cannot** provide advice regarding your decision on whether to join the lawsuit, so <u>you should not discuss it with them</u>, and they should not raise it with you.

EXHIBIT 2

BM 000941

ALABAMA • GEORGIA • LOUISIANA • MISSISSIPPI • TENNESSEE • WASHINGTON, D.C.

Aaron Baker
August 9, 2011
Page 2

    If you elect to join the lawsuit, you may have to submit to a deposition or provide other information. Just as you should not discuss joining the lawsuit with your superiors, you should not discuss your testimony or other discovery issues with your superiors either. Again, neither your participation nor your testimony will be used against you at work, and the litigation will not adversely impact your relationship with Blessey Marine. However, you should know that, if Blessey Marine wins the lawsuit, Blessey Marine may be entitled to reimbursement of a portion of its costs from anyone that joined it.

    If you have any questions about the lawsuit, please do not raise them with anyone at Blessey Marine. You may contact me, and I will refer you to the lawyer that filed the lawsuit. But, you should not contact anyone at Blessey Marine regarding these issues, as they are not in a position to advise you.

    Kindest regards.

Very truly yours,

*[signature]*
Steven F. Griffith, Jr.

SFG/rrs

BM 000942