IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH COFFIN, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-0214 |
| | § | |
| BLESSEY MARINE SERVICES, INC., | § | |
|     Defendant. | § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on Plaintiffs' "Motion for Summary Judgment for a Time and One-Half Multiplier to Apply Should BMSI be Found Liable" ("Motion") [Doc. # 89], to which Defendant Blessey Marine Services, Inc. ("BMSI") filed a Response [Doc. # 94], Plaintiffs filed a Reply [Doc. # 95], and Defendant filed a Supplemental Opposition [Doc. # 98]. Having reviewed the full record and applied governing legal authorities, the Court **denies** Plaintiffs' Motion to the extent it seeks a global ruling that a 1.5 multiplier will apply to all Plaintiffs should BMSI be found liable in this case.

### **I.     BACKGROUND**

This is a collective action suit seeking unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Plaintiffs were employed as "Tankermen" for Defendant BMSI, which operates towboats that transport barges

filled with liquid cargo throughout the navigable inland waterways of the United States.

Plaintiffs allege that BMSI misclassified them and their fellow Tankermen as exempt under the FLSA's "seamen" exemption, 29 U.S.C. § 213(b)(6), and thereby deprived them all of the overtime pay to which they are entitled under the FLSA. Defendant maintains that the Tankermen were properly classified as "exempt" under the FLSA and, additionally, that they were correctly paid a "day rate" for all hours worked in a single day.

Plaintiffs seek summary judgment that, if they prevail on their claim that they were not "exempt" and if the "day rate" paid by Defendant did not satisfy the requirements of the FLSA, they are entitled to 1.5 times their regular hourly wage for all hours over forty (40) they worked in a week. Plaintiffs' Motion has been fully briefed and is ripe for decision.

## II.  ANALYSIS

### A.  Summary Judgment Standard

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the moving parties are entitled to judgment as a matter of law. FED. R. CIV. P. 56(a).

Where the movants bear the burden of proof at trial on the issue at hand, as is the case here, they have the initial burden to demonstrate the absence of a genuine issue of material fact with respect to that issue. *See Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the non-movant's response. *Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002).

### B. Compensation for Non-Exempt Employees Paid "Day Rate"

The FLSA requires employers to pay overtime compensation to employees who work more than 40 hours per regular workweek. 29 U.S.C. § 207; *see also Cowart v. Ingalls Shipbuilding, Inc.*, 213 F.3d 261, 264 (5th Cir. 2000). An exception to this requirement exists for "any employee employed as a seaman." 29 U.S.C. § 213(b)(6). Defendant asserts that Plaintiffs were exempt from the overtime requirements of the FLSA because they were employed as seamen. Plaintiffs argue that they were not seamen for purposes of the FLSA exemption.

Defendant asserts also that Plaintiffs were paid under a "day rate" plan as defined by 29 C.F.R. § 778.112. Plaintiffs argue that the day rate plan used by Defendant did not satisfy the requirements of § 778.112 because they received other forms of compensation for their work.

Whether Plaintiffs were exempt under the FLSA and whether the day rate paid by BMSI satisfied the requirements of the FLSA are issues that remain disputed and on which discovery is ongoing. Plaintiffs seek summary judgment at this stage on whether, if they prevail on the exemption issue ***and*** on the day rate issue, they are entitled to be paid one and one-half times their regular hourly rate for all hours over 40 they worked in a week. Defendants argue that Plaintiffs have conceded that they have already been paid for all hours they worked and, therefore, are entitled to only one-half the regular hourly rate for the hours over 40. The parties agree that the regular hourly rate should be calculated by dividing their total weekly earnings by the number of hours actually worked during that week. *See* Motion, p. 3.

Where an employer has paid non-exempt employees a day rate that does not satisfy the requirements of the FLSA, the payment of a day rate that covers hours over 40 in a workweek violates the FLSA and "the defendant is liable for the unpaid overtime premium of one-half the regular rate of pay for any hours worked over 40 in a week." *United States Dept. of Labor v. Hooglands Nursery LLC*, 2008 U.S. Dist. LEXIS 46409, *11-*12 (W.D. La. June 13, 2008), *aff'd*, 372 F. App'x 528 (5th Cir. April 7, 2010); *see also Rodriguez v. Cary Int'l, Inc.*, 2004 WL 5582173, *8 (S.D. Fla. Sept. 15, 2004) (holding that, where day rate did not satisfy requirements of the FLSA because the employees received other forms of compensation, the employees

were entitled to time and a half for those overtime hours for which employees received no compensation and half time for those overtime hours in which employees received compensation).

To the extent Plaintiffs can prove that they worked more than 40 hours in a given week and were not paid at all for those additional hours, they would be entitled to additional compensation at one and one-half times their regular hourly rate if they prevail in this lawsuit. Plaintiffs who were paid for the hours they worked over 40 but were not paid the additional overtime compensation would be entitled to the one-half overtime premium if they prevail on the merits. The record at this stage is unclear regarding whether and how much each Plaintiff was paid for hours over 40 he worked in a given workweek. *See, e.g.,* Deposition of Mason Fulkerson, Exh. 1 to Supplemental Response [Doc. # 98], p. 20 (testified that he was paid for every day that he worked). As a result, the Court declines to grant summary judgment that all Plaintiffs would be entitled to additional compensation of one and one-half their regular hourly rate for all hours they claim to have worked.

### III. <u>CONCLUSION AND ORDER</u>

If Plaintiffs are not exempt under the FLSA, and if the "day rate" paid by BMSI does not satisfy the requirements of the FLSA, Plaintiffs will be entitled to additional compensation for all hours over 40 that they worked in a workweek. For any hours

for which they received no compensation, they would be entitled to time and a half their regular hourly wage.  For those hours for which they have already received compensation, they would be entitled to additional compensation of one-half their regular hourly wage.  Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion for Summary Judgment [Doc. # 89] is **DENIED** to the extent they seek a global ruling that all Plaintiffs would be entitled to a 1.5 multiplier for all hours over 40 they worked in a given week.

SIGNED at Houston, Texas, this **23rd** day of **March, 2012**.

_____
Nancy F. Atlas
United States District Judge