IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH COFFIN, on behalf of himself and others similarly situated, | § § § § § § § § § § § | |
| Plaintiff, | | |
| | | CIVIL ACTION NO. 4:11-cv-00214 |
| V. | | |
| BLESSEY MARINE SERVICES, INC., | | |
| Defendant. | | |

**RESPONSE TO OBERTI SULLIVAN LLP'S MOTION TO WITHDRAW
AS COUNSEL FOR JOHN C. CONINE, TRUSTEE FOR
THE BANKRUPTCY ESTATE OF FREDDIE MCLEMORE**

**MAY IT PLEASE THE COURT:**

This Memorandum is filed by defendant, Blessey Marine Services, Inc. ("Blessey Marine"), in response to the Motion to Withdraw as Counsel (the "Motion") filed by Oberti Sullivan LLP [R. Doc. No. 106]. For the following reasons, Oberti Sullivan LLP should not be permitted to withdraw as counsel for John C. Conine, trustee for the bankruptcy estate of Freddie McLemore, at this time. Such withdrawal would result in a delay in violation of Local Rule 83.2, and the Court should instead order that the claims held by Mr. Conine as trustee for Mr. McLemore be dismissed with prejudice.

Rule 37 of the Federal Rules of Civil Procedure provides that an appropriate sanction for a party's failure to appear for a deposition or otherwise comply with

discovery obligations is dismissal of that party's claims. *See* Fed. R. Civ. Proc. 37(d)(3). Further, courts often order the sanction of dismissal for a party's failure to comply with discovery obligations. *See, e.g.*, *Seever v. Carrols Corp.*, 528 F.Supp.2d 159, 165 (W.D.N.Y. 2007) (In FLSA action, dismissing claims of two employees who had failed or refused to attend or complete their depositions, respond to employer's interrogatories, or otherwise comply with court's discovery orders as sanction for noncompliance with discovery); *see also*, *Hunting v. Basf Corp.*, 398 Fed. Appx. 61, 63-64 (5th Cir. 2010); *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 947 (9th Cir. 1993); *Gates v. U.S.*, 752 F.2d 516, 517 (10th Cir. 1985).

As Oberti Sullivan LLP observed in its Motion, "[s]ince joining this suit, McLemore has failed to cooperate with Plaintiffs' counsel in this case," and "[t]his lack of communication and cooperation by McLemore has made it impractical and virtually impossible for Plaintiffs' counsel to continue to represent his interests in this matter." [R. Doc. No. 106] at ¶ 5. If Oberti Sullivan LLP's Motion is granted, then Mr. McLemore, through bankruptcy trustee John C. Conine, may delay the proceedings by attempting to engage other counsel, which could result in even further delay in securing Mr. McLemore's cooperation in discovery.

In its Motion, Oberti Sullivan details Mr. McLemore's general unresponsiveness and disregard for his discovery obligations in this case. Motion to Withdraw at ¶ 5. In addition, counsel for Blessey Marine and plaintiffs' counsel traveled to Monroe,

Louisiana to take Mr. McLemore's deposition. The Monroe location was chosen in order to accommodate Mr. McLemore. Yet Mr. McLemore failed to appear and, apparently, has not communicated with plaintiffs' counsel since. Mr. McLemore has simply given no indication that he will undertake the efforts necessary to pursue his claims. He should not be permitted to continue to delay this proceeding.

Furthermore, Mr. Conine has already been given an accommodation under the Rules. On December 12, 2011, the Court dismissed Mr. McLemore's claims because Mr. Conine failed to file a document indicating that he was interested in pursuing Mr. McLemore's claims within the deadline provided by the Court in its November 7, 2011 Hearing Minutes and Order. [R. Doc. No. 84]. While Mark Oberti of Oberti Sullivan LLP filed a Notice of Appearance on behalf of John C. Conine and December 5, 2012 [R. Doc. No. 83], Mr. Conine failed to file the document requested by the Court. Upon realizing that Mr. McLemore's claims had been dismissed due to Mr. Conine's failure to file the necessary document, Mark Oberti of Oberti Sullivan LLP reached out to counsel for Blessey Marine in order to obtain consent to file a Motion to Vacate the Court's December 12, 2011 Order dismissing Mr. McLemore's claims. Counsel for Blessey Marine agreed to that accommodation. However, at this point, it is clear that Mr. McLemore is not committed to doing what is required in order to pursue his claims.

Therefore, the Court should deny the Motion and dismiss Mr. McLemore's claims.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

BY:  *s/Steven F. Griffith, Jr.*
 STEVEN F. GRIFFITH, JR. (La. Bar 27232)
  *(Pro Hac Vice Admission)*
 201 St. Charles Ave., Suite 3600
 New Orleans, Louisiana  70170
 Telephone:  (504) 566-5200
 Facsimile:  (504) 636-4000
 E-mail:  sgriffith@bakerdonelson.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT,
BLESSEY MARINE SERVICES, INC.**

OF COUNSEL:

Thomas J. "Beau" Bethune, IV
(U.S.D.C - S.D. Tex. Fed. I.D. No. 1100930)
General Counsel
Blessey Marine Services, Inc.
1515 River Oaks Rd. E.
Harahan, Louisiana  70123
Telephone:  (504) 734-2616
Facsimile:  (504) 734-2903
E-mail:  bbethune@blessey.com

ATTORNEY FOR DEFENDANT,
BLESSEY MARINE SERVICES, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of July, 2012, I electronically filed the foregoing with the Clerk of the Court using ECF system which sent notification of such filing to the following:

>Mark J. Oberti (mark@osattorneys.com)
>Edwin Sullivan (ed@osattorneys.com)
>ATTORNEYS FOR PLAINTIFF

and I hereby certify that I have mailed by United States Mail, postage prepaid, the document to the following non-ECF participants:

>None.

This the 2nd day of July, 2012.

>*s/Steven F. Griffith, Jr.*
>STEVEN F. GRIFFITH, JR.