# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH COFFIN, on behalf of himself and others similarly situated, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 4:11-214 |
| BLESSEY MARINE SERVICES, INC., | § § | |
| Defendant. | § § | |

## MEMORANDUM AND ORDER

In this suit brought under the Fair Labor Standards Act ("FLSA"), Defendant Blessey Marine Services, Inc. has filed a Motion for Summary Judgment [Doc. # 124] ("Motion"), seeking dismissal of all of Plaintiffs' claims. Plaintiffs have filed a Response [Doc. # 125], and Defendant filed a Reply [Doc. # 132]. In addition, Plaintiffs' Response included a Motion to Strike Tom McWhorter's Expert Report [Doc. # 125], to which Defendant has responded [Doc. # 133]. The motions are ripe for decision. Having considered the parties' briefing, the applicable legal authorities, and all matters of record, the Court concludes that summary judgment should be **denied**, and that Plaintiffs' motion to strike McWhorter's report should be **denied without prejudice**.

## I.   BACKGROUND

Defendant Blessey Marine operates towboats on the United States' navigable inland waterways, and its towboats transport barges filled with liquid cargo. Plaintiffs are nine individuals employed by Defendant as tankermen. Plaintiffs brought this suit under the FLSA alleging that they each have been misclassified by Defendant as a "seaman," and therefore deprived of overtime compensation under that statute. Plaintiffs seek actual damages for unpaid overtime wages, among other remedies.

According to Blessey Marine's job description, a tankerman has multiple job responsibilities, including preparing the barges for loading and unloading of liquid cargo; ensuring that proper documentation is on board the boat; performing maintenance on the boat; training newly hired employees; and handling lines and rigging during tow building, locking, and docking activities.[1] Defendant maintains that Plaintiffs had additional duties, including pumping out bilge water, fueling the vessels, and adding lube oil. Defendant further states that Plaintiffs performed deckhand duties, such as cleaning, standing watch, making locks, and putting out mooring lights.[2]

Plaintiffs do not contest that many of their job duties as tankermen are seamen's

---

[1]   Tankerman Job Description (Exhibit R to Response).

[2]   Motion, at 7-8.

work for FLSA purposes.³ Rather, the parties' dispute here is focused on Plaintiffs' duties to prepare the barges for loading and unloading of liquid cargo, and to loaded and unloaded the liquid cargo (collectively, "Loading and Unloading Duties"). Plaintiffs argue that these Loading and Unloading Duties are not "seaman" duties under the FLSA. Plaintiffs further argue that, because the Loading and Unloading Duties comprised a substantial amount of their work time, Plaintiffs fall outside of the FLSA's "seaman" exemption and are entitled to overtime compensation.

Defendant moves for summary judgment, arguing that as a matter of law the Plaintiffs' Loading and Unloading Duties are "seaman" duties under the FLSA.

## II.  SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial.⁴ "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to

---

3   Response, at 10.

4   *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002).

any material fact and the movant is entitled to judgment as a matter of law."[5]

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact."[6] The moving party, however, need not negate the elements of the non-movant's case.[7] The moving party may meet its burden by pointing out "the absence of evidence supporting the nonmoving party's case."[8]

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial.[9] "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[10]

In deciding whether a genuine and material fact issue has been created, the facts

---

[5] FED. R. CIV. P. 56(a); *Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

[6] *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).

[7] *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).

[8] *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (internal citations and quotations omitted).

[9] *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted).

[10] *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations and quotation marks omitted).

and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party.[11] However, factual controversies are resolved in favor of the non-movant "only 'when both parties have submitted evidence of contradictory facts.'"[12] The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings.[13] Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden.[14] Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case."[15] In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts.[16]

Affidavits cannot preclude summary judgment unless they contain competent

---

[11] *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).

[12] *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (quoting *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999)).

[13] *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002), *overruled on other grounds*, *Grand Isle Shipyards, Inc., v. Seacor Marine*, *LLC*, 589 F.3d 778 (5th Cir.2009).

[14] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008).

[15] *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted).

[16] *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

and otherwise admissible evidence.[17] A party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary.[18]

Finally, although the Court may consider all materials in the record when deciding a summary judgment motion, "the court need consider only materials cited by the parties."[19] "When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court. Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment."[20]

## III. ANALYSIS

Defendant moves for summary judgment arguing that, as a matter of law, Plaintiffs are properly classified as "seamen" and therefore are exempt from the

---

[17] *See* FED. R. CIV. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated"); *Love v. Nat'l Medical Enters.*, 230 F.3d 765, 776 (5th Cir. 2000); *Hunter-Reed v. City of Houston*, 244 F. Supp. 2d 733, 745 (S.D. Tex. 2003).

[18] *See In re Hinsely*, 201 F.3d 638, 643 (5th Cir. 2000).

[19] FED. R. CIV. P. 56(c)(3).

[20] *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) (internal citations and quotation marks omitted).

FLSA's requirements for overtime compensation.

The FLSA's overtime provisions generally provide that an employer may not employ an employee for a workweek longer than forty hours, unless the employee is compensated for any additional hours at one and one-half times the employee's regular pay rate.[21] However, the overtime requirements do not apply to "any employee employed as a seaman."[22] An employer bears the burden to show that its employees are "seamen" and thus stand outside the FLSA's overtime provisions.[23] Moreover, because of the FLSA's remedial goals, its exemptions—including the seaman exemption—must be read narrowly.[24]

In determining whether an employee is a "seaman" under the FLSA, the fact that an employee works on a vessel is not dispositive; instead, the courts look to the character of the work actually performed by the employee.[25]

> [A]n employee will ordinarily be regarded as "employed as a seaman" if he performs, as master or subject to the authority, direction, and control of the master aboard a vessel, ***service which is rendered***

---

[21]  29 U.S.C. § 207(a)(1).

[22]  29 U.S.C. § 213(b)(6).

[23]  *Martin v. Bedell*, 955 F.2d 1029, 1035 (5th Cir. 1992).

[24]  *Id*. The definition of "seaman" under the FLSA is different from, and narrower than, the term's definition under the Jones Act. *Id*. at 1035 & n. 11 (citing *Dole v. Petroleum Treaters, Inc.*, 876 F.2d 518 (5th Cir. 1989)).

[25]  29 C.F.R. § 783.33; *Martin*, 955 F.2d at 1035.

> ***primarily as an aid in the operation of such vessel as a means of transportation***, provided he performs no substantial amount of work of a different character.[26]

Work that "aid[s] in the operation of [the] vessel as a means of transportation" need not be directly related to navigation.[27] The regulations define a "substantial amount of work" as work occupying "more than 20 percent of time worked by the employee during the workweek."[28]

The law therefore frames two issues that are relevant to this case: first, whether Plaintiffs' work was "rendered primarily as an aid in the operation of [the] vessel as a means of transportation"; and second, whether Plaintiffs performed a "substantial amount of work of a different character" and therefore fall outside the definition of a seaman.

As stated above, the parties agree that many of Plaintiffs' duties are "seaman" duties. For purposes of the instant Motion, the only dispute is whether Plaintiffs'

---

[26] 29 C.F.R. § 783.31 (emphasis added). *See* 29 C.F.R. § 783.33 ("[O]ne is not employed as a seaman within the meaning of the Act unless one's services are rendered primarily as an aid in the operation of the vessel as a means of transportation").

[27] *Id. See McLaughlin v. Harbor Cruises, LLC*, ___ F. Supp. 2d ____, 2012 WL 3065380 (D. Mass. July 20, 2012) (galley attendants are "seamen" under the FLSA; attendants were expected to be available to perform duties of general deckhands when necessary and, moreover, the record did not show that their time spend in non-seaman work exceeded 20 percent of their working time).

[28] 29 C.F.R. § 783.37.

Loading and Unloading Duties were seaman's work as a matter of law, as urged by Defendant. If Defendant were to prevail on this point, then 100 percent of Plaintiffs' duties would fit within the seaman exemption, and Plaintiffs would not be entitled to overtime compensation under the FLSA.

Defendant argues at length that Loading and Unloading Duties affect the seaworthiness of the vessel and therefore must be classified as seamen's duties.[29] Defendant presents evidence that, if transfer of liquid cargo is done improperly, the barge can split, warp, or even sink.[30] Tom McWhorter, an expert retained by Defendant who has worked in maritime for over thirty years and trains tankermen, submitted a report that states:

> I have witnessed and know from past experiences that navigation hazards, delays in navigation, and total destruction of vessels can be caused by the improper loading and discharging of cargo. Proper execution of the duties of a tankerman is essential to the primary purpose of the barge, which is to transport cargo safely in the navigable waterways. Simply put, if the barge is not loaded correctly, it can compromise its seaworthy condition, at which point it cannot serve its intended purpose as a transportation vessel for the cargo.[31]

Plaintiffs do not contest Defendant's argument that improper loading and unloading

---

[29] Motion, at 10-18.

[30] *Id*. at 14.

[31] Report of Tom McWhorter (Exhibit 1 to Motion), at 4.

can compromise the seaworthiness of the barge. However, even assuming that Defendant's argument is correct, it does not follow that the Loading and Unloading Duties are seamen's duties. In fact, Defendant's argument has been squarely rejected by the Fifth Circuit in *Owens v. Seariver Maritime, Inc.*[32]

In *Owens*, as in this case, the question was whether the plaintiff was a "seaman" for purposes of the FLSA's exemption from overtime compensation requirements and, in particular, whether the plaintiff's loading and unloading duties were seamen's work. In *Owens*, the "most substantial portion" of the plaintiff's working time was "related to loading and unloading petroleum products from the barges."[33] The district court had held, and the *Owens* defendant urged on appeal, that loading and unloading cargo was seamen's work under the federal regulations. As does Blessey Marine in the case at bar, the *Owens* defendant argued that "if a barge was loaded or unloaded improperly it could not be safely moved or towed, and could even break apart," and thus that the loading and unloading duties "were in aid of the operation of the barges

---

[32]  *Owens v. Seariver Maritime, Inc.*, 272 F.3d 698 (5th Cir. 2001).

[33]  *Id.* at 703. Owens had held multiple jobs with his employer, but the only issue before the Fifth Circuit was whether his work as a member of the "strike team," for which he was shore-based and assigned to a "landing barge," *id.* at 701, fit the definition of a seaman under the FLSA. Since Plaintiffs in the case at bar are vessel-based, Defendant attempts to distinguish *Owens* on this basis. However, in reaching its conclusion, the *Owens* Court did not rely on the fact that the strike team was shore-based.

as a means of transportation."[34]

The Fifth Circuit reversed the lower court, rejecting this construction as "extremely broad and unsupportable."[35]

> Owens's loading and unloading duties related almost exclusively to removing petroleum products from the barge, not to moving or mooring the barge. Of course, the unloading and loading would have to be done in a safe or proper way, but that only *prepares* the vessel for navigation; it does not aid in its actual *operation* as a means of transportation. A rule that includes within the definition of "seaman's work" for FLSA purposes all work that prepares a vessel for navigation would include quite a few activities, most of which would not fit comfortably within a commonsense definition of "seaman's work." And, [the defendant's] broad definition of "seaman's work" neglects the primary purpose of the loading and unloading—to get cargo on or off the barge.[36]

The argument rejected by the *Owens* Court is not materially distinguishable from Blessey Marine's argument in this case.[37]

---

[34] *Id*. at 704.

[35] *Id*.

[36] *Id*. (emphasis in original). *See also McLaughlin v. King Welding, Inc.*, 1988 WL 81539, at *3-*4 (C.D. Calif. March 15, 1988) (loading and unloading a product from a barge does not render aid in the operation of the barge as a means of transportation and employees substantially engaged in those duties do not qualify as seamen under the FLSA).

[37] Defendant cites to Plaintiffs' deposition testimony that proper cargo transfers aid the vessel as a means of transportation, noting that the deposition testimony conflicts with the Plaintiffs' "form Declarations." Motion, at 15-16. The Court does not rely on Plaintiffs' declarations in concluding that their Loading and Unloading Duties were not an aid to the vessel as a means of transportation.

*Owens* dictates the conclusion that Plaintiffs' Loading and Unloading Duties were not an "aid in the operation of [the] vessel as a means of transportation."[38] Therefore, these duties were not seaman's work under the FLSA.[39]

This conclusion is supported by Section 783.32 of the Department of Labor's regulations regarding seamen, which evidences a clear premise that loading and unloading freight are ***not*** part of a seaman's duties:

> [A]n employee employed as a seaman does not lose his status as such simply because, as an incident to such employment, he performs some

---

[38] *See* 29 C.F.R. § 783.31. *Jordan v. American Oil Co.*, 51 F. Supp. 77 (D.R.I. 1943), which Defendant cites, does not hold to the contrary. Moreover, *Owens* is of course controlling authority in this circuit.

The Court notes that, although the regulations require the Court to ask whether Plaintiffs' duties were an aid to "operation of [a] vessel as a means of transportation," 29 C.F.R. § 783.31, Defendant's Reply repeatedly argues that Plaintiffs' duties are rendered primarily to aid a vessel "as means of ***transporting cargo***." *E.g.*, Reply, at 3 (emphasis added). This is a misstatement of the relevant standard. The Court further notes that McWhorter's expert report relies on the same misstated standard in reaching some if its conclusions. *E.g.*, McWhorter Report, at 1 ("you have asked me to give an expert opinion on whether the duties performed by [Plaintiffs] are rendered primarily in the aid of [Defendant's barges] as a means of transporting cargo"); *id.* at 4 (concluding that Plaintiffs' duties, including loading and discharging barges, "are rendered primarily as an aid to the barge as a means of transporting cargo").

[39] Defendant's argument that it would "offend the purposes of the FLSA" to apply the overtime provisions to tankermen, *see* Motion, at 27, is an argument better directed at Congress or the Department of Labor than to the courts. Moreover, although Defendant cites the recent Supreme Court decision in *Christopher v. SmithKline Beecham*, the decision does not provide guidance on the specific legal question before the Court in this case. *See Christopher v. SmithKline Beecham*, 132 S. Ct. 2156 (2012) (pharmaceutical representatives qualified as "outside salesmen" under 29 U.S.C. § 213(a)(1) and 29 C.F.R. §§ 541.500-541.504, and therefore were exempt from the FLSA's overtime provisions).

work *not* connected with operation of the vessel as a means of transportation, *such as assisting in the loading or unloading of freight at the beginning or end of a voyage*, if the amount of such work is not substantial.[40]

Other regulations also convey this premise.[41] The Court therefore holds that Plaintiffs' Loading and Unloading Duties are not seamen's duties, and Defendant's Motion is denied.

The next question identified by the parties is whether Plaintiffs' Loading and Unloading Duties comprised more than 20 percent of their workweek. If so, these duties were a "substantial" amount of Plaintiffs' work and Plaintiffs are not classified as seamen under the FLSA.[42] However, this question is not currently before the Court. Defendant has not moved for summary judgment on this issue, instead requesting additional depositions and the opportunity to file a second summary judgment motion.

---

[40] 29 C.F.R. § 783.32 (emphasis added).

[41] *See* 29 C.F.R. § 783.36 (barge tenders are generally considered to be employed as "seamen" but "there are employees who, while employed on vessels such as barges and lighters, are primarily or substantially engaged in performing *duties such as loading and unloading* or custodial service *which do not constitute service performed primarily as an aid in the operation of these vessels as a means of transportation* and consequently are not employed as 'seamen'") (emphasis added); 29 C.F.R. § 783.33 ("Stevedores or roust-abouts traveling aboard a vessel from port to port whose principal duties require them to *load and unload the vessel in port* would *not* be employed as seamen even though during the voyage they may perform from time to time certain services of the same type as those rendered by other employees who would be regarded as seamen under the Act.") (emphasis added).

[42] 29 C.F.R. § 783.37.

Plaintiffs also have requested the opportunity to file a summary judgment motion and argue that, although Defendant bears the burden on proof on this issue, Plaintiffs have presented evidence that Loading and Unloading Duties comprised more than 20 percent of Plaintiffs' working time. At the status conference set for January 24, 2013, the Court will address the remaining litigation of this case and will set deadlines for discovery and additional motions if warranted.

Finally, Plaintiffs have moved to strike McWhorter's expert report. Because the Court does not rely on McWhorter's report to arrive at any findings or conclusions adverse to Plaintiff, Plaintiff's objections are moot at this time. The motion therefore will be denied, without prejudice to reurging at a later stage of this litigation if appropriate.

## IV.   CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 124] is **DENIED**. It is further

**ORDERED** that Plaintiffs' Motion to Strike Tom McWhorter's Expert Report [Doc. # 125] is **DENIED without prejudice**.

SIGNED at Houston, Texas, this 22nd day of **January, 2013**.

Nancy F. Atlas
United States District Judge