IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH COFFIN, on behalf of himself and others similarly situated, | § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. 4:11-cv-00214 |
| BLESSEY MARINE SERVICES, INC., | § § § | |
| Defendant. | § | |

### PLAINTIFFS' OBJECTIONS TO DEFENDANT'S BILL OF COSTS

Blessey Marine Services, Inc.'s ("BMSI") bill of costs (Doc. No. 157) suffers from two flaws. First, BMSI apparently seeks a joint and several award of costs, which is unreasonable under the prevailing circumstances, and should be denied. Second, BMSI also seeks some costs for copying, scanning, and court transcripts and related court reporting that are not recoverable because it did not demonstrate their necessity to this case.

**A.   BMSI's Apparent Request For A Joint And Several Award Of Costs Against The Plaintiffs Should Be Denied**

Although this FLSA case started out as a putative collective action, the parties later agreed to decertify the case. As such, the Court granted an agreed motion for decertification on August 27, 2012. *See* Doc. No. 113. After that, the Plaintiffs pursued their claims individually. Notwithstanding that, BMSI now apparently seeks an award of costs on a joint and several liability basis. Plaintiffs object to this approach.

*In re Paoli RR. Yard PCB Litigation*, 221 F.3d 449 (3d Cir. 2000) nineteen plaintiffs brought a toxic tort case against multiple defendants; the defendants prevailed at trial. *In re Paoli*, 221 F.3d at 453–54. The defendants were awarded $184,675.12 in costs, and the plaintiffs were found by the district court to be jointly and severally liable for this amount. *Id*. at 455. On

appeal, the Third Circuit was faced with deciding whether the district court abused its discretion "in imposing liability for costs jointly and severally among the Plaintiffs." *Id*. at 468–70.

The Third Circuit noted that it is within the discretion of a district court to "choose to impose costs jointly and severally or to disaggregate costs and to impose them individually." *Id*. at 469. The court found that the costs "appear[ed] so intertwined with each other that the District Court did not abuse its discretion by not disaggregating them." *Id*. at 454. In other words, the Court could not apportion costs between the plaintiffs because there was "no evidence suggesting that these costs could be connected—to a greater or lesser degree—with any of the particular Plaintiffs." *Id*. at 470. Consequently, because the costs were so intertwined such that the district court could not apportion the costs, the Third Circuit held that the district court did not abuse its discretion in holding the plaintiffs jointly and severally liable for the costs. *Id*.

Unlike in *In re Paoli*, the costs sought by BMSI in the present case are not all so intertwined that they cannot be apportioned in full, or in part, between each Plaintiff. Indeed, BMSI presents numerous invoices that clearly attribute costs for service to each particular Plaintiff – such as for each particular Plaintiff's deposition, which constitute the vast majority of the claimed costs (*see*, *e.g*., Doc. No. 157-3). Therefore, because BMSI's own evidence shows that the bulk of the costs are not all so intertwined, the Court should, in its discretion:

- Deny Defendant's bill of costs entirely; or

- At a minimum, find that each Plaintiff is only responsible for his individualized or *pro rata* percentage of the total costs awarded.

*See, e.g., Muegge v. Aqua Hotels and Resorts, Inc.*, NO. CIV. 09-00614 LEK, 2014 WL 3723249, at *3 (D. Hawai'i June 16, 2014) (distinguishing *In re Paoli* on same basis).

**B.     BMSI Seeks Some Costs That Are Not Recoverable Because It Failed To Prove They Were Necessary To This Case**

1.     Law

Federal Rule of Civil Procedure 54(d)(1) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." *See Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir.), *cert. denied*, 549 U.S. 888, 127 S. Ct. 299, 166 L.Ed.2d 154 (2006). Taxation of costs under Rule 54(d) is a matter within the court's discretion. *Id*. Nevertheless, Rule 54(d)(1) "contains a strong presumption that the prevailing party will be awarded costs," *id*., and as a result of this cost-shifting presumption, the general discretion conferred by Rule 54(d)(1) has been circumscribed by the judicially-created condition that a court "may neither deny nor reduce a prevailing party's request for cost[s] without first articulating some good reason for doing so." *Id*. at 793–94 (quoting *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)). The court may decline to award certain costs, and may only tax as costs the expenses that are listed in 28 U.S.C. § 1920:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 107 S. Ct. 2494, 2497–98, 96 L.Ed.2d 385 (1987). Allowable costs are limited to these categories, and expenses that are not authorized by statute or contract must be borne by the party incurring them. *Id*. *See also Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993), *cert. denied*, 510 U.S. 1195, 114 S. Ct. 1303, 127 L.Ed.2d 654 (1994) ("district court may decline to award costs listed in the statute but may not award costs omitted from the list"). If the party being taxed has not specifically

objected to a cost, the presumption is that the costs being sought were necessarily incurred for use in the case and will be taxed. *See Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Capital, Inc.*, 952 F. Supp. 415, 417 (N.D. Tex. 1997) ("[I]n the absence of a specific objection, deposition costs will be taxed as having been necessarily obtained for use in the case."). However, once an objection has been raised, the party seeking costs bears the burden of verifying that the costs were necessarily incurred in the case rather than just spent in preparation and litigation of the case. *See Fogleman v. ARAMCO (Arabian American Oil Co.)*, 920 F.2d 278, 286 (5th Cir. 1991).

### 2. Analysis

BMSI seeks reimbursement of $321.20 for hearing transcripts, $685.90 for court reporter fees associated with those transcripts, $1,043.46 for "scanning documents," and $1,073.20 for in-house copies (Doc. No. 157-1 at ¶¶ 5-8). But, BMSI fails to explain why any of these items were necessarily incurred in the case. Under Fifth Circuit authority, such as *Fogelman*, this is fatal to its bill of costs, at least with respect to those particular items.

As noted, the burden is on the party seeking a cost award to show entitlement to an award for either item, which entails showing what the claimed expenditures were for, and they were "necessarily obtained for use in the case." *See Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994) ("Before the district court can tax costs for photocopies, it must find that the copies for which costs are sought were necessarily obtained for use in the litigation."); *Fogelman*, 920 F.2d at 286 (costs will be awarded "provided that the prevailing party demonstrates" that the copies were obtained "for use in the case").

Texas federal courts have repeatedly denied the entire requested amount for copying where the requesting party failed to make a sufficiently particularized showing of necessity. *See, e.g., Eastman Chem. Co. v. Plastipure, Inc.*, 2013 WL 5555373, at *7 (W.D. Tex. Oct. 4, 2013)

(court denies full amount claimed for one category of copying costs, and denies a partial award for those costs, because the supporting invoices "simply denote black-and-white or color copies were made; no further information can be gleaned from the invoices"); *Structural Metals, Inc. v. S & C Electric Co.*, 2013 WL 3790450, at *9 (W.D. Tex. July 19, 2013) (disallowing copying costs because of absence of sufficient information to determine whether certain copies were necessarily obtained for use in the case; "there is no indication what they were, or whether they were necessary or for convenience (such as including multiple copies for the convenience of the attorneys or the like)."); *Honestech, Inc. v. Sonic Solutions*, 725 F. Supp. 2d 573, 584 (W.D. Tex. 2010) (denying all copying costs: "[A]lthough prevailing parties do not have to justify every single photocopying cost, they do have to provide enough information for the Court [to be] able to make a reasonable determination of necessity."); *Power–One, Inc. v. Artesyn Techs., Inc.*, 2008 WL 4065871, at *7 (E.D. Tex. Aug. 27, 2008) (conclusory statements "are not sufficient to meet the standard for proving necessity"; entire requested amount denied); *Reyes v. Texas EZ Pawn, L.P.*, 2007 WL 4530533, at *2 (S.D. Tex. Dec. 19, 2007) (documentation regarding copying costs "provides no information for the Court to identify the documents to determine if the copying costs were necessary to this litigation or merely for the convenience of counsel. Conclusory assertions by counsel that all the copying costs were necessary, without more, are insufficient to establish that these expense are properly recoverable"; full requested amount denied); *Welch v. U.S. Air Force*, 2003 WL 21251063, at *3 (N.D. Tex. May 27, 2003) (disallowing all copying costs because defendants "failed to substantiate that the fees for exemplification and copies of papers were reasonable and necessarily resulted from the instant litigation and also failed to include in the Defendants' Bill of Costs documentation for this Court to determine same"); *Interstate Contracting Corp. v. City of Dallas*, 2002 WL 236676, at *5

(N.D. Tex. Jan. 31, 2002) (invoices attached to the bill of costs "do not categorize the photocopies so that the Court may reasonably decipher the copies which were necessary"; entire requested amount denied); *Bank One Texas, N.A. v. Apex Energy LLC*, 2002 WL 22055, at *2 (N.D. Tex. Jan. 4, 2002) (copies of fee statements for copying "merely show a lump sum amount" for photocopying expenses, with "absolutely no evidence of what documents were copied or how they relate to this lawsuit"; affidavit of legal assistant that the charges for copying papers "were necessarily incurred in the course of litigation" was "insufficient to establish that the copying costs were necessary"; cost item denied in full).

The lack of proof of necessity extends also to the requested $321.20 for hearing transcripts, and $685.90 for court reporter fees associated with those transcripts. BMSI fails to explain why these were necessary for use in the case, and it is not obvious. As such, this cost should also be denied. *See, e.g.*, *Favata v. National Oilwell Varco, LP*, NO. 2:12-CV-82, 2014 WL 5822781, at *3-4 (S.D. Tex. Nov. 10, 2014) (denying costs of transcripts of court proceedings where it was not demonstrated that they were necessary for use in the case).

Finally, aside from the noted lack of proof of necessity, the requested reimbursement for "scanning documents" also arguably fails because at least one judge in this district has found that scanning costs are not cognizable under Rule 54(d). *See Baisden v. I'm Ready Prods., Inc.*, 793 F. Supp. 2d 970, 987 (S.D. Tex. 2011) (Lake, J.), *aff'd on other grounds*, 693 F.3d 491 (5th Cir. 2012) ("Because defendants have failed to cite any statutory or contractual authority in support of their request for the cost of document scanning and imaging, defendants are not entitled to recover these costs.").

### C. Conclusion

For the reasons set forth above, Plaintiffs respectfully pray that the Court deny Defendant's bill of costs and for all other relief to which they are justly entitled.

Respectfully submitted,

OBERTI SULLIVAN LLP

By: s/ Mark J. Oberti
Mark J. Oberti
State Bar No. 00789951
Southern District ID No. 17918
723 Main Street, Suite 340
Houston, TX 77002
(713) 401-3555 – Telephone
(713) 401-3547 – Facsimile

ATTORNEY-IN-CHARGE FOR PLAINTIFFS

OF COUNSEL:

Edwin Sullivan
State Bar No. 24003024
Southern District ID No. 24524
OBERTI SULLIVAN LLP
723 Main Street, Suite 340
Houston, TX 77002
(713) 401-3555 – Telephone
(713) 401-3547 – Facsimile

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served to all counsel of record, and Shelia Ashabranner, as listed below, by CM/ECF and e-mail on this the 29th day of December 2014.

Steven F. Griffith, Jr.
201 St. Charles Ave., Suite 3600
New Orleans, LA 70170

Thomas J. "Beau" Bethune IV
Blessey Marine Services, Inc.
1515 River Oaks Rd. E.
Harahan, LA 70123

Shelia Ashabranner
Case Manager to Judge Nancy F. Atlas
Email: shelia_ashabranner@txs.uscourts.gov

s/ Mark J. Oberti
Mark J. Oberti