IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH COFFIN, *et al.*, § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-11-0214 |
| § | | |
| BLESSEY MARINE SERVICES, INC., § | | |
| Defendant. § | | |

## **MEMORANDUM AND ORDER**

This case is before the Court on Defendant Blessey Marine Services, Inc.'s ("Defendant") Bill of Costs [Doc. # 157] and Plaintiffs' Objections to Defendant's Bill of Costs ("Objections") [Doc. # 158]. Defendant filed a Response [Doc. # 160] to Plaintiffs' Objections. Having reviewed the parties' briefing, all matters of record, and the applicable legal authorities, the Court **sustains** Plaintiffs' Objections **in part** and **overrules** them **in part**. The Court awards Defendant $12,721.77 in taxable costs to be assessed jointly and severally against the nine Plaintiffs remaining in this lawsuit at the time of final judgment.

## **I.     BACKGROUND**

Plaintiff Keith Coffin filed this FLSA lawsuit on January 17, 2011 alleging that Defendant, a tugboat operator and Coffin's former employer, had deprived him and all other "tankermen" of overtime pay, in violation of the FLSA. *See* Plaintiff's

Complaint [Doc. # 1], ¶¶ 1, 2, 48. On July 28, 2011, the Court conditionally certified a class action. Memorandum and Order dated July 28, 2011 [Doc. # 56]. The subsequent class consisted of twelve (12) Plaintiffs, including Coffin, who had worked for Defendant as "tankermen."[1] Plaintiff Gregory Anderson was terminated from this lawsuit on December 12, 2011. *See* Order dated Dec. 12, 2011 [Doc. # 84]. On August 27, 2012, the Court granted the parties' joint motion [Doc. # 112] to decertify Plaintiffs' collective action and allow the remaining eleven (11) Plaintiffs to pursue their claims individually in this case. Order dated Aug. 27, 2012 [Doc. # 113]. In October 2012, Plaintiffs Cody Duke and Freddie McLemore were terminated from the suit. *See* Order dated Oct. 2, 2012 [Doc. # 116]; Order dated Oct. 9, 2012 [Doc. # 120]. Plaintiffs Coffin, Jones, Rangel, Fox, Robinson, Villareal, Latiolais, Atkins, and Fulkerson continued individually to pursue their claims, and these nine Plaintiffs remained in the case until the date of final judgment.

This case took nearly four years to resolve and ultimately was decided on appeal. The Fifth Circuit reversed this Court's denial of Defendant's Motion for Summary Judgment [Doc. # 124], and held that Plaintiffs' claims should be dismissed because Plaintiffs' job duties placed them within the "seamen" exemption of the

---

[1] The other eleven (11) Plaintiffs were Eric Jones, Gregory Anderson, Freddie A. McLemore, Jr., Jose L. Rangel, Josh Fox, Gregory Robinson, Jason J. Villareal, Zachary Latiolais, Cody Duke, Dustin Atkins, and Mason Fulkerson. *See* Notices of Consents [Docs. # 2, # 57, # 58, # 63, # 69, # 70, # 71, # 74, # 75, # 78 and # 88].

FLSA. *See Coffin v. Blessey Marine Servs., Inc.*, 771 F.3d 276, 285 (5th Cir. 2014). Pursuant to the Fifth Circuit's mandate [Doc. # 154], the Court entered Final Judgment [Doc. # 156] in Defendant's favor on December 12, 2014.

Defendant timely filed a Bill of Costs requesting $15,543.95 in taxable costs pursuant to Federal Rule 54(d) of Civil Procedure and 28 U.S.C. § 1920. The bulk of Defendant's costs are $11,829.03 in deposition expenses. Defendant further requests $2,116.66 for copying costs, $321.20 for hearing transcripts, $685.90 for court reporter fees, $100 for service fees, and $491.14 for appeal costs.

Plaintiffs timely filed objections. Plaintiffs dispute whether a joint and several award is appropriate. Plaintiffs further argue that certain costs related to copying, scanning, transcripts, and court reporter fees are not recoverable under § 1920.

## II.   LEGAL STANDARD

Under Rule 54(d) of the Federal Rules of Civil Procedure, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." FED. R. CIV. P. 54(d)(1). While Rule 54(d) gives district courts discretion to determine whether an award of taxable costs is appropriate, the Fifth Circuit has long recognized a strong presumption that district courts will award these costs to the prevailing party. *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006); *Breaux v. City of Garland*, 205 F.3d 150, 164 (5th Cir. 2000); *Schwarz v. Folloder*,

767 F.2d 125, 130 (5th Cir. 1985). Absent explicit statutory or contractual authorization to the contrary, federal courts may award only the following taxable costs itemized in 28 U.S.C. § 1920:

> 1) Fees of the clerk and marshal; 2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; 3) Fees and disbursements for printing and witnesses; 4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; 5) Docket fees under section 1923 of this title; 6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920; *see Mota v. Univ. of Tex. Hous. Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444-45 (1987).

### III. ANALYSIS

#### A. Joint and Several Liability

The parties first dispute how to apportion among Plaintiffs whatever taxable costs of Defendant are awarded. Plaintiffs argue that joint and several liability is not appropriate in this case because Plaintiffs individually pursued their claims after the parties agreed to decertify the collective action. Objections, at 1-2. Plaintiffs ask the Court to deny all costs on this basis, or, "[a]t a minimum, find that each Plaintiff is only responsible for his individualized or *pro rata* percentage of the total costs awarded." Objections, at 2. Plaintiffs do not cite any authority or elaborate as to how

the Court should calculate each Plaintiff's individualized or *pro rata* share. Defendant responds that joint and several liability is appropriate, or, alternatively, the Court should tax all costs to Coffin, the named Plaintiff. Response, at 1-2.

As an initial matter, the Court notes that it can only assess costs against Plaintiffs against whom Defendant prevailed. "[A] prevailing party is one that has obtained a judgment on the merits, a consent decree, or some similar form of judicially sanctioned relief." *El Paso Indep. Sch. Dist. v. Richard R.*, 591 F.3d 417, 422 (5th Cir. 2009) (citing *Buckhannon Bd. & Bare Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001)). The parties do not dispute that Defendant is the prevailing party in this case. However, Plaintiffs Duke, McLemore, and Anderson were terminated from this lawsuit before Defendant obtained any relief, let alone a judgment on the merits. Defendant therefore is not a prevailing party with regard to these three Plaintiffs. As a result, taxable costs are not assessed against Plaintiffs Duke, McLemore, and Anderson.

For the remaining nine Plaintiffs, the Court has discretionary authority to apportion taxable costs among the non-prevailing parties. *See Ortho-McNeil Pharm., Inc. v. Mylan Labs. Inc.*, 569 F.3d 1353, 1357 n.4 (Fed. Cir. 2009) ("As a general rule, it is well established that in multiparty proceedings before a single judge (as where multiple losing parties are joined in one case, or where multiple cases are consolidated

into a single proceeding), the district court has discretion to apportion payment of jointly incurred costs among the losing parties . . . ." (internal footnote omitted)); *In re Paoli R.R. Yard PCB Litigation*, 221 F.3d 449, 469 (3d Cir.) (2000) ("The general rule in this circuit and others is that a district court, in exercising its equitable discretion, may apportion costs between the prevailing and non-prevailing parties as it sees fit."). District courts in the Fifth Circuit and other circuit courts have consistently recognized that joint and several liability is the default rule for awarding taxable costs. *See State Farm Fire & Cas. Co. v. Silver Star Health & Rehab*, 739 F.3d 579, 586 (11th Cir. 2013) ("The default rule is that costs are to be imposed jointly and severally . . . ."); *Ortho-McNeil Pharm., Inc.*, 569 F.3d at 1357 ("[T]he default rule is that the losing parties are jointly and severally liable for costs."); *Anderson v. Griffin*, 397 F.3d 515, 522-23 (7th Cir. 2005) ("The cases say that the presumptive rule [for how to divide costs between the parties] is joint and several liability unless it is clear that one or more of the losing parties is responsible for a disproportionate share of the costs."); *In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir. 2005) ("[T]he general rule is that parties against whom costs are ordered are jointly and severally liable for those costs . . . ."); *In re Paoli*, 221 F.3d at 469 ("[T]he default rule is that costs may be imposed jointly and severally."); *Andrews v. U.S.*, Civ. Action No. 4:05-cv-419, 2008 WL 750565, at *2 (E.D. Tex. Mar. 19, 2008)

(Schell, J.) ("Losing parties in a lawsuit typically incur joint and several responsibility for costs."); *Md. Cas. Co. v. Lab Disc. Drug, Inc.*, Civ. Action No. 4:06-cv-59TSL-JMR, 2007 U.S. Dist. LEXIS 11159, at *3 (S.D. Miss. Feb. 16, 2007) (Lee, J.) ("[T]he default rule is that costs may be imposed jointly and severally." (quoting *In re Paoli*, 221 F.3d at 469)). Furthermore, the burden is generally on the non-prevailing party to prove that joint and several liability is not appropriate in a particular case. *See State Farm Fire & Cas. Co.*, 739 F.3d at 586 ("[T]he burden is on the party seeking to avoid [joint and several liability] to introduce evidence justifying apportionment and persuade the court to do that."); *In re Paoli*, 221 F.3d at 469 ("We read the sparse case law surrounding this issue as placing the burden on the losing parties to introduce evidence and persuade the court that costs should be apportioned."); *Md. Cas. Co.*, 2007 U.S. Dist. LEXIS 11159, at *3 ("[I]t is generally accepted that 'the burden on the losing parties to introduce evidence and persuade the court that costs should be apportioned . . . .'" (quoting *In re Paoli*, 221 F.3d at 469)).

Plaintiffs argue that joint and several liability is not appropriate in this case because Defendant has provided invoices that "clearly attribute costs for service to each particular Plaintiff–such as for each particular Plaintiff's deposition, which constitute the vast majority of the claimed costs." Objections, at 2. Plaintiffs cite in support of their argument to *In re Paoli*, a Third Circuit case that affirmed a district

court's decision not to apportion costs in a toxic tort case because the costs were "so intertwined" they could not be assigned to a particular party. Objections, at 2 (citing *In re Paoli*, 221 F.3d at 454). However, the Third Circuit in *In re Paoli* also considered whether the plaintiffs pursued all the same claims and relief and reversed the district court's decision to hold two of the nineteen plaintiffs jointly and severally liable for the total award of costs because those two plaintiffs "sued only for property damages, not personal injuries or medical monitoring, and it was in defending against the latter two classes of claims that the Defendants incurred close to 94% of their costs." *In re Paoli*, 221 F.3d at 454.

Here, the Court conditionally certified a collective action under the FLSA based on Plaintiffs' claims that Defendant's practice or policy of failing to pay overtime affected them in exactly the same way. *See* Memorandum and Order dated July 28, 2011 [Doc. # 56]. Plaintiffs proceeded as a class for nearly a year, and all of Plaintiffs' depositions occurred prior to the agreed decertification. *See* Exhibit A to Bill of Costs ("Itemized Costs Chart") [Doc. # 157-2], at ECF pages 1-2. Plaintiffs jointly conducted and benefitted from these depositions, and it would logically follow that some of the earlier depositions, such as Coffin's, would be longer and more expensive. After the agreed decertification, Plaintiffs individually pursued their claims for failure to pay overtime compensation, but were represented by the same law

firm and brought the same claims. Plaintiffs have not provided any explanation as to why separating out their deposition costs is appropriate when they pursued similar relief and stood to equally benefit from discovery. The Court, therefore, declines to exercise its discretion to deviate from the default rule of joint and several liability in this case. Plaintiffs Coffin, Jones, Rangel, Fox, Robinson, Villareal, Latiolais, Atkins, and Fulkerson elected to individually pursue their claims after decertification and remained in this case until Defendant prevailed on final judgment. These nine Plaintiffs, accordingly, are jointly and severally liable for Defendant's taxable costs.

### B. Taxable Costs

Plaintiffs argue that Defendant has failed to satisfy its burden of proving that the $321.20 for hearing transcripts, $685.90 for court reporter fees, $1,043.46 for scanning documents, and $1,073.20 for copies are recoverable costs under § 1920. As explained below, the Court sustains Plaintiffs' Objections in part.

#### 1. Copies

Defendant requests $1,073.20 for copying costs. The Court must make a factual determination as to whether these copying costs were "necessarily obtained for use in the case," and thus are taxable pursuant to § 1920(4), or were obtained "merely for the convenience of the attorney." *See Newman v. A. E. Staley Mfg.* Co., 648 F.2d 330, 337 (5th Cir. 1981); *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir.

1993); *Soderstrum v. Town of Grand Isle*, 925 F.2d 135, 141-42 (5th Cir. 1991). The Court is "accord[ed] great latitude in this determination." *Fogelman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 286 (5th Cir. 1991); *Coats*, 5 F.3d at 891. The burden is on the party seeking to recover costs to show that the costs incurred were reasonable and necessary. *See Cypress-Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 257-58 (5th Cir. 1997); *Holmes v. Cessna Aircraft, Co.*, 11 F.3d 63, 64 (5th Cir. 1994) (per curiam); *Fogelman*, 920 F.2d at 286.

Although the Fifth Circuit has recognized that the prevailing party need not "identify every xerox copy made for use in the course of legal proceedings," a prevailing party must provide "some demonstration that reproduction costs necessarily result from that litigation." *Fogelman*, 920 F.2d at 286; *accord Spenrath v. Guardian Life Ins. Co. of Am.*, Civ. Action No. 4:11-CV-1979, 2014 WL 710412, at *3 (S.D. Tex. Feb. 21, 2014) (Harmon, J.). District courts in Texas often deny copying costs based on a prevailing party's failure to provide sufficient evidence of necessity. *See DietGoal Innovations LLC v. Chipotle Mex. Grill, Inc.*, Civ. Action No. 2:12-cv-00764-WCB-RSP, 2015 WL 164072, at *5 (E.D. Tex. Jan. 13, 2015) (Bryson, J.) (and cases cited therein); *Oldham v. Thompson/Center Arms Co., Inc.*, Civ. Action No. 4:12-cv-2432, 2014 WL 1794861, at *2 (S.D. Tex. May 5, 2014) (Ellison, J.); *Eastman Chem. Co. v. PlastiPure, Inc.*, No. A-12-CA-057-SS, 2013 WL 5555373, at

*7 (W.D. Tex. Oct. 4, 2013) (Sparks, J.).

Defendant submits as sole proof of necessity an affidavit from Steven F. Griffith, Jr., Defendant's counsel of record. Griffith states in conclusory manner that all copying costs "were necessary to the defense of this matter." Affidavit of Steven F. Griffith, Jr. ("Griffith Aff.") [Doc. # 157-1], ¶ 8. Defendant attaches to Griffith's Affidavit a chart itemizing each expense, and categorizing certain costs as a "Photo Reproduction Charge." *See* Itemized Costs Chart. However, the "narratives" in the chart state for copies only how many pages were copied and do not identify the purpose for which any copies were used. *Id.*, at ECF pages 2-5. In response to Plaintiffs' Objections, Defendant merely reasserts in conclusory fashion that it "only submitted those costs which were recoverable and were necessarily incurred for its defense." Response, at 3. The Court cannot determine from Defendant's affidavit and supporting materials what any of the copies were used for. Defendant, accordingly, has failed to satisfy its burden of showing that the copies were necessarily obtained for use in this case. The Court denies Defendant's request for $1,073.20 in copying costs.

  **2.**   **Court Reporter Fees**

Defendant states it "incurred $685.90 in court reporter fees for transcription services by Exceptional Reporting Service and Digital Scroll Transcription in

connection with obtaining transcripts for use in this case." Griffith Aff., ¶ 6. Defendant submits receipts associated with these fees. Exhibit D to Bill of Costs [Doc. # 157-5]. As with copying costs, Defendant bears the burden of showing that costs associated with obtaining transcripts were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *see Favata v. Nat'l Oilwell Varco, LP*, Civ. Action No. 2:12-CV-82, 2014 WL 5822781, at *3, *4 (S.D. Tex. Nov. 10, 2014) (Ramos, J.). Defendant's documents entirely fail to explain what these court reporter fees relate to, and the dates of the charges do not correspond to depositions or hearings. The Court, therefore, denies Defendant's request for $685.90 in court reporter fees.

### 3. Transcripts

The Court grants Defendant's request for $321.20 for obtaining hearing transcripts. Defendant attests that these transcripts "were necessarily obtained for use in the case." Griffith Aff., ¶ 5. Furthermore, unlike with the copying costs and court reporter fees, the Court can discern from the receipts provided that these hearing transcripts were for proceedings held in November 2011 and January 2013. *See* Exhibit C to Bill of Costs [Doc. # 157-4], at ECF pages 1, 3. The transcripts enabled the parties to refer to rulings by the Court and to comply. Having an accurate reference tool of court rulings benefitted the parties and the Court. These costs are recoverable.

### 4. Scanning Documents

Defendant requests $1,043.46 "for services by Choice Professional Overnight Copy for scanning documents necessarily obtained for use in the case."  Griffith Aff., ¶ 7.  Plaintiffs contend that scanning documents is not a taxable cost under § 1920. Objections, at 6.  Several district courts in the Fifth Circuit have recognized that scanning falls within the § 1920(4) definition of "[f]ees for exemplification and the costs of making copies of any materials."  *See E.A.F.F. v. U.S.*, Civ. Action No. SA-08-CA-124-XR, 2014 WL 1652598, at *3 (W.D. Tex. Apr. 23, 2014) (Rodriguez, J.) (and cases cited therein); *Eolas Techs. Inc. v. Adobe Sys., Inc.*, 891 F. Supp. 2d 803, 806 (E.D. Tex. 2012); *Rundus v. City of Dall.*, Civ. Action No. 3-06-CV-1823-BD, 2009 WL 3614519, at *3 (N.D. Tex. Nov. 2, 2009) (Kaplan, J.).  While the Fifth Circuit does not appear to have reached this issue, other Circuits have adopted this position that scanning documents qualifies as a taxable cost under § 1920(4).  *See Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 167 (3d Cir. 2012); *BDT Products, Inc. v. Lexmark Intern., Inc.*, 405 F.3d 415, 420 (6th Cir. 2005), *abrogated on other grounds by Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997 (2012).  The Court agrees with these courts and concludes that Defendant can recover scanning costs under § 1920(4) if the specific costs are shown to be justified.

Defendant has the burden of showing that the scanned documents were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4); *Eolas Techs. Inc.*, 891 F. Supp. 2d at 806. The receipts provided by Defendant do not offer any explanation of what documents were scanned and what these documents were used for. *See* Exhibit E to Bill of Costs [Doc. # 157-6]. Defendant's Itemized Costs Chart states that $175.38 was the "[c]ost of scanning and preparing files of supplemental production documents produced with expert reports" and $868.08 was for "[s]canning and labeling documents." *See* Itemized Costs Chart, at ECF page 5. The Court will award Defendant $175.38 for the documents scanned for the expert reports, but declines to award the remaining $868.08. It is impossible from this record to determine the use of the $868.08 worth of scanned documents. Defendant's request for scanning costs is reduced from $1,043.46 to $175.38.

### 5. Deposition Costs

Defendant requests $11,829.03 for deposition costs. For the reasons explained above in Part II.A, Defendant is not considered a prevailing party regarding Plaintiffs Duke, McLemore, and Anderson. Defendant, therefore, cannot recover the $158 related solely to Duke's deposition. *See* Exhibit B to Bill of Costs [Doc. # 157-3], at ECF page 10. Defendant also seeks to recover $832.50 for deposition costs related to McLemore and Jones. The receipt clarifies that $37.00 was for "Process Verbal on

Freddie A. McLemore, Jr.," and $795.50 was for "Eric Eungen Jones, Jr." *Id.*, at ECF page 8. The Court will not award Defendant the $37.00 attributed to McLemore but will award Defendant the $795.50 for Jones' deposition. With these reductions, Defendant is awarded $11,634.03 in deposition costs.

## IV.   CONCLUSION AND ORDER

For the reasons stated herein, it is hereby

**ORDERED** that Plaintiffs' Objections to Defendant's Bill of Costs [Doc. # 158] are **SUSTAINED in part** and **OVERRULED in part**. It is further

**ORDERED** that nine Plaintiffs—Coffin, Jones, Rangel, Fox, Robinson, Villareal, Latiolais, Atkins, and Fulkerson—are jointly and severally liable for Defendant's taxable costs. The Court concludes that Defendant will recover $100 for service fees, $11,634.03 for deposition costs, $175.38 for scanning documents, $321.20 for hearing transcripts, and $491.16 for appeal costs. The Court, accordingly, awards Defendant $12,721.77 in taxable costs.

SIGNED at Houston, Texas, this **29th** day of **January, 2015**.

_____
Nancy F. Atlas
United States District Judge